R N WEST CONSTRUCTION COMPANY v BARRA CORPORATION
OF AMERICA, INC

Docket No. 75675. Submitted November 8, 1985, at Lansing.—Decided January 6, 1986.

Plaintiff, R. N. West Construction Co., as the general contractor in a construction project, subcontracted roofing work to Bab Roofing Co. Bab Roofing used roofing materials obtained from defendant, Barra Corporation of America, Inc. Plaintiff filed suit in Genesee Circuit Court in an effort to obtain a 10-year guarantee on the roofing materials. Defendant sought payment for the roofing materials in a counterclaim. The case was submitted to a mediation panel. The circuit court, Robert M. Ransom, J., entered a judgment on the mediation award which provided for the defendant to guarantee the workmanship of Bab Roofing and the roof against faulty or defective materials or workmanship and leaks resulting from either or both upon payment by plaintiff to defendant of $7,000. Defendant appealed as of right. *Held:*

1. The court rule on mediation allows a court to submit to mediation any civil case in which the relief sought consists of money damages or division of property. The mediation award and the circuit court's judgment on that award exceeded the scope of the court rule by granting equitable relief. Therefore, the mediators' award and the circuit court's judgment on the award were erroneous.

2. The mediation award left the material factual issue of who must bear the expense of bringing the roof up to defendant's specifications. Therefore, the award cannot form the basis of a settlement agreement between the parties.

3. The question of whether defendant can be ordered to issue its guarantee is beyond the scope of the court rule on mediation and must, therefore, be determined through litigation.

Reversed and remanded.

REFERENCES

Am Jur 2d, Arbitration and Award §§ 6-10, 54-60.

Appealability of state court's order or decree compelling or refusing to compel arbitration. 6 ALR4th 652.

TRIAL — MEDIATION — COURT RULES — SCOPE.
> The court rule on mediation allows a court to submit to mediation any civil case in which the relief sought consists of money damages or division of property; mediation is not proper in a case where a party seeks equitable relief (GCR 1963, 316.1, now MCR 2.403[A]).

*Bueche & Failer* (by *Howard J. Bueche*), for plaintiff.

*Drecker, George, Hartley, Van Dam & Camp, P.C.* (by *Barry B. George*), for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and M. R. STEMPIEN,* JJ.

M. R. STEMPIEN, J. Defendant appeals as of right from a judgment entered on a mediation award originally accepted by both parties. We reverse.

On August 20, 1982, plaintiff filed an action against defendant because defendant refused to issue a 10-year guarantee on roofing matierials used to construct a roof on a construction project coordinated by plaintiff. Defendant counterclaimed seeking payment for the roofing materials.

On May 6, 1983, a mediation panel made the following evaluation relative to the present controversy:

> "R. N. West Construction Co. pays Barra Corporation the sum of $7,000.00 but only upon delivery to R. N. West Construction Co. the 10 year written warranty in the nature of a 10 year manufacturer's guarantee of the roof of the State Office Building."

Both parties accepted the mediation award. However, when defendant sought judgment on the award, plaintiff objected because plaintiff did not agree with defendant's interpretation thereof. On

---

* Circuit judge, sitting on the Court of Appeals by assignment.

November 22, 1983, a hearing was held at which the trial court interpreted the award differently than interpreted by defendant. The trial court gave plaintiff the option of either entry of judgment on the award as the court interpreted it, or to proceed with a trial on the merits. Defendant objected to the court's interpretation of the award, claiming that it required the roof to be brought up to defendant's specifications before the warranty would be issued. Then, once the warranty was issued, plaintiff would pay defendant $7,000. Plaintiff, on the other hand, agreed with the court's interpretation of the award and asked that judgment be entered thereon.

On December 5, 1983, the trial court issued its judgment on the mediation award as follows: defendant guarantees the workmanship of plaintiff's subcontractor, Bab Roofing Company; the guarantee is intended to warrant the roof against faulty or defective materials and/or workmanship and leaks resulting from either or both; and the guarantee shall be effective upon payment of $7,000 to defendant.

On appeal, plaintiff urges that "the mediators recognized that this particular controversy cried for settlement". Although this may be true, the mediators' award and the trial court's judgment on the award were erroneous.

. GCR 1963, 316.1 provides in relevant part as follows:

"Scope and Applicability of Rule.
"(a) A court may submit to mediation any civil case in which the relief sought consists of money damages or division of property."

The present mediation award, however, grants more than "money damages or division of prop-

erty". The award tries to grant equitable relief, which is beyond the scope of GCR 1963, 316.1 and the subject-matter jurisdiction of the mediation panel. A judgment cannot lawfully be based upon such an extra-jurisdictional award.[1]

This does not end our inquiry, however. There still remains the question of whether the original acceptance of the award is binding on the parties as a settlement agreement. Based upon our review of the record and the parties' contentions herein, we find that the mediation award left unresolved a material factual issue between the parties, i.e., who must bear the expense of bringing the roof up to defendant's specifications. Thus, the mediation award cannot form the basis of a settlement agreement of the issues in controversy between the parties.

Defendant interprets the award as requiring plaintiff to first repair the roof and then defendant will issue its guarantee in exchange for $7,000. Plaintiff, on the other hand, interprets the award as requiring defendant to issue its guarantee immediately to plaintiff in exchange for the $7,000 and then it is defendant's obligation to do whatever is necessary to keep the roof from leaking and to repair the roof if necessary.

On its face, the award does not require defendant to issue its guarantee. On the contrary, it only requires plaintiff to pay defendant $7,000 if and when defendant does issue its guarantee. Defendant has agreed to issue plaintiff the guarantee when the roof is brought up to defendant's specifications. However, plaintiff evidently does not want to bear the cost of bringing the roof up to defen-

---

[1] We note that under the new court rules made effective on March 1, 1985, the analysis herein would remain the same. See MCR 2.403(A).

dant's specifications before receiving the guarantee.

Finally, we note that the trial court's judgment states that not only must defendant issue its guarantee to plaintiff upon plaintiff's payment of $7,000, but that defendant must also guarantee the workmanship of plaintiff's subcontractor, Bab Roofing Company. The mediation award itself simply does not create such an obligation. The award only addresses one question, *i.e.,* does defendant get paid if it issues its guarantee to plaintiff? The answer to that question is yes. Now, what remains is the question of whether defendant can be ordered to issue its guarantee. Under the scope of GCR 1963, 316.1 the answer to that question cannot lawfully be the subject of a mediation award. It has not been agreed upon by negotiations between the parties; thus, it must be determined through litigation.

The trial court's order of November 22, 1983, based upon the mediation award, is vacated and its judgment of December 5, 1983, is reversed. The case is remanded with instructions to set aside the mediation award and to either allow resubmission to mediation in conformity with the court rules on mediation or, in the court's discretion, set the matter for immediate trial.

We do not retain jurisdiction.