### REDDAM v CONSUMER MORTGAGE CORPORATION

Docket No. 111206. Submitted January 5, 1990, at Detroit. Decided March 20, 1990.

   John P. Reddam, an employee of Consumer Mortgage Corporation, was discharged following an investigation into allegations that he was selling bad mortgages to various mortgage purchasers. Reddam filed suit against Consumer Mortgage Corporation in Oakland Circuit Court alleging various counts against defendant. The trial court dismissed most of plaintiff's claims and refused to certify the dismissal order as a final order to allow immediate appeal. Plaintiff sought leave to appeal to the Court of Appeals, seeking review of the dismissed claims. Meanwhile, the trial court submitted the matter to mediation, which resulted in plaintiff's claim being evaluated at $35,000. All parties accepted the evaluation. The Court of Appeals then dismissed plaintiff's application for leave to appeal as being moot. The court, Norman L. Lippitt, J., entered judgment in favor of plaintiff in the amount of $35,000. Plaintiff appealed from the final judgment issued on the mediation acceptance.

   The Court of Appeals held:

   Plaintiff's acceptance of the mediation award settled all claims, including those which had been dismissed by partial summary disposition prior to the mediation proceeding. Having accepted the mediation award, plaintiff is not an aggrieved party, and the Court of Appeals does not have the authority to entertain his appeal.

   Appeal dismissed.

1. ACTIONS — MEDIATION — CONSENT JUDGMENTS — APPEAL.

   The entry of a judgment pursuant to the acceptance of a mediation evaluation is, in essence, a consent judgment, and one may not appeal from a consent judgment, order, or decree.

2. ACTIONS — MEDIATION — MEDIATION AWARDS.

   The court rule on mediation envisions the submission of an entire

REFERENCES

Am Jur 2d, Appeal and Error §§ 116, 182-185, 242, 243.

See the Index to Annotations under Appeal and Error; Alternative Dispute Resolution.

civil action to mediation where monetary damages are involved and that the mediators shall evaluate the total valuation of the case; absent a showing that less than all issues were submitted to mediation, a mediation award covers the entire matter and acceptance of that mediation award settles the entire matter (MCR 2.403).

3. COURTS — JURISDICTION — COURT OF APPEALS — MEDIATION
   AWARDS — AGGRIEVED PARTIES.
   The Court of Appeals has jurisdiction only over appeals filed by an aggrieved party; a party who accepts a mediation award is not an aggrieved party, and the Court of Appeals is without authority to entertain an appeal by such person (MCR 7.203[A]).

*Robert A. Tyler, P.C.* (by *Robert A. Tyler*), for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *L. A. Hynds* and *Norman D. Hawkins*), for defendant.

Before: CAVANAGH, P.J., and SAWYER and T. G. KAVANAGH,* JJ.

PER CURIAM. The trial court entered judgment in favor of plaintiff in the amount of $35,000 pursuant to an accepted mediation evaluation. Plaintiff now appeals.

Plaintiff was employed by defendant under a written contract which included a provision for bonuses and also provided for a cap on bonuses of $50,000 per year. According to plaintiff, he was orally told not to worry about the cap and that he would be paid whatever bonus he had earned. During the second fiscal year of plaintiff's employment, his bonus was calculated to be $307,050. However, defendant's board of directors determined that it would not pay any bonus above the $50,000 provided for in the agreement. Around the same time, defendant's board of directors became

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

aware of problems allegedly caused by plaintiff's selling bad mortgages to various mortgage purchasers, most prominently Fannie Mae (Federal National Mortgage Association). In fact, on January 26, 1986, Fannie Mae informed defendant that it was being terminated as an eligible lender to sell mortgages to Fannie Mae. Shortly thereafter, plaintiff was suspended pending an investigation and was subsequently terminated for cause pursuant to the contract.

Plaintiff thereafter filed suit, alleging various counts against defendant. The trial court dismissed all counts except the claims based on written contract and granted plaintiff leave to amend the complaint to allege entitlement to bonuses even if terminated for cause. However, the trial court thereafter also dismissed claims in the amended complaint based on the oral modification or supplement to the written contract. The trial court also refused to certify this as a final order to allow immediate appeal.

Plaintiff filed an application for leave to appeal in this Court seeking review of the dismissed claims. Two weeks after filing the application, the trial court submitted the matter to mediation, which resulted in the plaintiff's claim being evaluated at $35,000, and all parties accepted the evaluation. This Court thereafter dismissed plaintiff's application for leave to appeal as being moot in light of the accepted mediation evaluation.

The matter is currently before us, however, on plaintiff's claim of appeal from the final judgment issued on the mediation acceptance. For reasons to be discussed below, we conclude that this appeal is not properly before us.

The entry of a judgment pursuant to the acceptance of a mediation evaluation is, in essence, a

consent judgment. See *Pelshaw v Barnett,* 170 Mich App 280, 286; 427 NW2d 616 (1988), modified on other grounds 431 Mich 910; 433 NW2d 77 (1988). Furthermore, one may not appeal from a consent judgment, order or decree. *Dybata v Kistler,* 140 Mich App 65, 68; 362 NW2d 891 (1985). Finally, we agree with defendant that the mediation rule, MCR 2.403, envisions the submission of an entire civil action to mediation where monetary damages are involved and that the mediators shall evaluate the total valuation of the case. That is, absent a showing that less than all issues were submitted to mediation, a mediation award covers the entire matter and acceptance of that mediation award settles the entire matter. Accordingly, plaintiff's acceptance of the mediation award settled all claims, including those which had been dismissed by partial summary disposition.

Simply put, this Court has jurisdiction only over appeals filed by an "aggrieved party." MCR 7.203(A). Having accepted a mediation award, plaintiff is not an aggrieved party. Accordingly, this Court is without authority to entertain plaintiff's appeal. That is, absent particular facts justifying a contrary conclusion, which are not present in this case, the general rule to be applied is that there is no appeal from a judgment entered upon the acceptance of a mediation evaluation.

Appeal dismissed. Defendant may tax costs.