JOAN AUTOMOTIVE INDUSTRIES, INC v CHECK

Docket No. 167614. Submitted October 11, 1995, at Detroit. Decided
November 21, 1995, at 9:25 A.M. Leave to appeal sought.

Joan Automotive Industries, Inc., filed a multiple-count, two-
claim complaint in the Oakland Circuit Court against Robert
Check, a former employee. The defendant filed a multiple-
count, two-claim counterclaim. Both parties moved for sum-
mary disposition and the trial court, Steven N. Andrews, J.,
granted the defendant's motion with respect to one of the
plaintiff's claims and granted the plaintiff's motion with respect
to one of the defendant's claims. The case was then mediated.
Both parties accepted the mediation award for the defendant.
The trial court then entered its final judgment, granting the
defendant the award with regard to one of his claims and
dismissing all other claims and counterclaims alleged by the
parties. The defendant appealed and the plaintiff cross ap-
pealed.

The Court of Appeals held:

1. Absent a showing that less than all the issues were
submitted to mediation, a mediation award covers the entire
matter and acceptance of that mediation award settles the
entire matter. The defendant may not appeal the prior sum-
mary disposition of the disputed claims because he has not
shown that fewer than all the issues were submitted to media-
tion.

2. The summary disposition of a claim does not, in and of
itself, remove that claim from the purview of a mediation
panel.

3. At the time of the events in the trial court, MCR 2.604(A)
provided that a party could make a showing that less than all
the issues were submitted to mediation by obtaining a certifica-
tion that an order granting summary disposition with regard to
fewer than all the claims was a final order. Absent a showing

REFERENCES

Am Jur 2d, Alternative Dispute Resolution § 10; Judgments §§ 207-
227.

See ALR Index under Alternative Dispute Resolution; Consent
Judgments.

that the defendant took this action to exclude the previously dismissed counterclaim from the consideration of the mediation panel, all his counterclaims are deemed to have been mediated. The defendant did not take the necessary steps to exclude any claim from the consideration of the mediation panel.

4. The defendant, having accepted the mediation award, is not an aggrieved party. The Court of Appeals therefore does not have jurisdiction to hear his appeal.

Defendant's appeal dismissed. Final judgment of the circuit court vacated. Action remanded to the circuit court for entry of an order reflecting that the entire action was disposed of through the parties' acceptance of the mediation award.

1. ACTIONS — MEDIATION — SCOPE OF AWARD — SUMMARY DISPOSITION.

Absent a showing that less than all issues involved in an action were submitted to mediation, a mediation award covers the entire matter and acceptance of the award settles the entire matter; the summary disposition of a claim does not, in and of itself, remove the claim from the purview of a subsequent mediation panel convened in the action.

2. APPEALS — MEDIATION — ACCEPTANCE OF AWARD — APPEAL.

The mutual acceptance of a mediation award is analogous to a consent judgment and generally is not appealable; a party that accepts a mediation award is not an aggrieved party and the Court of Appeals is without jurisdiction to hear an appeal by that party (MCR 7.203[A]).

*Honigman Miller Schwartz & Cohn* (by *Linn A. Hynds, William D. Sargent,* and *Barbara A. Van Zanten),* for Joan Automotive Industries, Inc.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Daniel D. Swanson* and *Patrick Burkett),* for Robert Check.

Before: MICHAEL J. KELLY, P.J., and O'CONNELL and J. R. GIDDINGS,* JJ.

O'CONNELL, J. Plaintiff filed a multiple-count, two-claim complaint against defendant, its former

---

* Circuit judge, sitting on the Court of Appeals by assignment.

employee. Defendant filed a multiple-count, two-claim counterclaim. Following motions for summary disposition, the circuit court dismissed several counts of both the complaint and the counterclaim. The case was subsequently mediated, with both parties accepting the mediation award. The circuit court then entered a "final judgment," recognizing that at least part of the action had been resolved through mediation, but suggesting that the claims that had been summarily disposed of were not incorporated into the mediation award. Defendant now appeals as of right the prior summary disposition of several counts, constituting one claim, of his counterclaim. Plaintiff cross appeals, contending that, because the mediation award incorporated the entire cause of action, including all counts of the complaint and counterclaim, the parties' acceptance of the mediation award bars defendant's appeal. We find merit in plaintiffs' cross appeal and, accordingly, dismiss defendant's appeal.

I

On July 13, 1992, plaintiff terminated defendant's employment, and soon thereafter brought suit against him, claiming that he had absconded with certain proprietary information. In its complaint, plaintiff also sought a declaratory judgment determining that defendant, who had worked in a sales capacity, had been compensated fully for his employment and was entitled to no further remuneration.

Defendant filed a counterclaim, contending that he was owed various monies.[1] Defendant also al-

---

[1] This particular claim consisted of three counts. The " 'alternative legal theories' " alleged permitted but a single recovery and, therefore, constituted a single claim. *Derbeck v Ward,* 178 Mich App 38,

leged that plaintiff had refused to provide him with a copy of his personnel file in violation of the Employee Right to Know Act. MCL 423.501 *et seq.*; MSA 17.62(1) *et seq.*

Both plaintiff and defendant moved for summary disposition. On April 7, 1993, the circuit court granted defendant's motion with respect to plaintiff's claim predicated on the proprietary information. On August 6, 1993, the court granted plaintiff's motion with respect to defendant's claim predicated on allegedly unpaid compensation.

The case was then mediated, with both parties accepting the mediation award of $1,400 for the defendant. The circuit court subsequently entered its final judgment, awarding $1,400 to defendant with regard to his claim under the Employee Right to Know Act and "dismissing" all other claims alleged in the complaint and counterclaim.

## II

We first address plaintiff's cross appeal because, were we to find it meritorious, the need to address defendant's appeal would be obviated. Plaintiff's question on appeal is a narrow one and may be phrased as follows: Where the parties accepted a mediation award, may defendant appeal the prior summary disposition of fewer than all claims alleged in his counterclaim, or are the claims deemed to have been incorporated into the mediation award? After careful review of the relevant court rules and case law, we conclude, in accordance with *Reddam v Consumer Mortgage Corp,* 182 Mich App 754, 757; 452 NW2d 908 (1990), that "absent a showing that less than all issues were submitted to mediation, a mediation award covers

41; 443 NW2d 812 (1989), quoting 3 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.604, author's comments, p 417.

the entire matter and acceptance of that mediation award settles the entire matter." Because defendant has not shown that fewer than all issues were submitted to mediation in the present case, he may not now appeal the prior summary disposition of the disputed claims.

At issue is the court rule regarding mediation, MCR 2.403. To quote at length from *Larson v Auto-Owners Ins Co,* 194 Mich App 329, 332; 486 NW2d 128 (1992):

> In interpreting court rules, we apply the rules of statutory construction. *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989). Hence, a court rule should be construed in accordance with the ordinary and approved usage of the language, in light of the purpose to be accomplished by its operation. *Knoke v Michlin Chemical Corp,* 188 Mich App 456, 459; 470 NW2d 420 (1991). In general, the purpose of MCR 2.403 is to expedite and simplify the final settlement of cases to avoid a trial. *Smith v Elenges,* 156 Mich App 260, 263; 401 NW2d 342 (1986). An accepted mediation evaluation serves as a final adjudication of the claims mediated, and is therefore binding on the parties similar to a consent judgment or settlement agreement. *Espinoza v Thomas,* 189 Mich App 110, 117; 472 NW2d 16 (1991).

MCR 2.403(A)(1) provides that "[a] court may submit to mediation any civil action in which the relief sought is primarily money damages or division of property." The court rule further states that "[i]f all the parties accept the panel's evaluation, judgment will be entered in that amount. *The judgment shall be deemed to dispose of all claims in the action* and includes all fees, costs, and interest to the date of judgment." MCR 2.403(M)(1) (emphasis supplied). Thus, entire actions are sub-

mitted to mediation, MCR 2.403(A)(1), which, if the mediation award is accepted by both parties, disposes of all claims in the actions. MCR 2.403(M)(1).

Defendant argues that the counterclaim that previously had been summarily disposed of no longer remained in the "civil action" as that term is used in MCR 2.403(A)(1), and may not properly be considered to have been mediated. However, we find defendant's position unpersuasive for two reasons.

First, *Reddam, supra,* p 757, which dealt with this very issue, makes clear that the summary disposition of a claim does not, in and of itself, remove that claim from the purview of the mediation panel. Rather, all claims of all parties are presumed to be evaluated by the mediation panel absent "a showing that less than all issues were submitted to mediation." *Id.* At the time of the events below and at the time *Reddam* was decided, a party could make this showing by obtaining a certification that the order granting summary disposition with regard to fewer than all claims was a final order pursuant to former MCR 2.604(A).[2] Therefore, absent a showing that defendant took this action to exclude the previously dismissed counterclaim from the consideration of the mediation panel, all of his counterclaims are deemed to have been mediated.

Second, defendant's interpretation would ill comport with the purpose to be accomplished by the mediation court rule, *Knoke, supra,* which "is to *expedite* and *simplify* the *final* settlement of cases.*" Smith, supra,* p 263 (emphasis supplied). To

---

[2] MCR 2.604 has since been amended, largely, we presume, for the reasons set forth in Judge CORRIGAN's opinion in *Kaufman & Payton, PC v Nikkila,* 200 Mich App 250, 251-252, n 1; 503 NW2d 728 (1993). The rule no longer provides for the certification of the summary disposition of fewer than all of a parties' claims as a final order except in very limited circumstances.

allow the splitting of claims would, necessarily, delay and complicate the resolution of civil actions. Further, the acceptance of a mediation award would not result in the final settlement of a case, because claims that previously had been summarily disposed of would survive mediation. While mediation has always suffered shortcomings and detractors, something this opinion does not purport to allay, its purpose—to promote the final settlement of cases—has always been clear. To accept defendant's position would result only in the partial settlement of actions, leaving the outstanding claims to wend their way through the courts, a result at odds with the purpose of mediation.

After reviewing the record, we find no evidence that defendant took the necessary steps to exclude any claim from the consideration of the mediation panel. In fairness, we would note that the trial court's statements following the parties' acceptance of the mediation award reflect a belief that only the claim under the Employee Right to Know Act had been mediated, and this belief is reflected in the final judgment entered. However, given both that defendant took no action to exclude the dismissed claim, as required by both *Reddam* and the relevant court rules, and that the lower court's statements were made only after the parties had accepted the mediation award, this error on the part of the trial court is not sufficient to resurrect defendant's claim from beyond the pale of mediation.[3]

The mutual acceptance of a mediation award is analogous to a consent judgment and is not gener-

---

[3] Plaintiff was under no such misconceptions, as evidenced by its mediation summary in which plaintiff expressly requested that the dismissed counts of defendant's counterclaim "be mediated at zero dollars."

ally appealable. *Espinoza, supra.* This bar to appeal stems from the fact that one who accepts mediation, which a party is under no obligation to do, is not an aggrieved party within the meaning of MCR 7.203(A). *Reddam, supra.* Therefore, defendant, having accepted the mediation award, is not an aggrieved party and this Court is without jurisdiction to hear his appeal. *Reddam, supra.* Accordingly, we do not address defendant's contention that summary disposition should not have been granted with respect to his claim predicated on unpaid compensation.

Defendant's appeal is dismissed for want of jurisdiction. With respect to plaintiff's cross appeal, the final judgment of the circuit court is vacated and the action is remanded to the circuit court with directions to enter an order reflecting that the entire action was disposed of through the parties' acceptance of the mediation award.