MERCANTILE BANK MORTGAGE COMPANY, LLC v
NGPCP/BRYS CENTRE, LLC

Docket Nos. 311326 and 313276. Submitted May 7, 2014, at Lansing.
   Decided May 13, 2014, at 9:05 a.m.

   Mercantile Mortgage Bank Company, LLC (Mercantile Bank),
      brought an action in the Wayne Circuit Court against
      NGPCP/BRYS Centre, LLC (the Centre); NGP Capital Partners,
      LLC (Capital Partners); Ford A. Grifo; Daniel J. Nemes; and Mark
      S. Provenzano, alleging that the Centre had breached the parties'
      contract by defaulting on a promissory note and a business loan
      agreement in the amount of $744,000, that the individual defen-
      dants had breached personal guaranties they had provided for the
      indebtedness, and that Capital Partners had breached its corpo-
      rate guaranty for the indebtedness. The Centre, Capital Partners,
      and the personal guarantors filed a counter-complaint, alleging
      promissory estoppel, breach of contract, interference with busi-
      ness opportunities, fraudulent misrepresentation, and negligent
      misrepresentation. A case evaluation panel issued a single, unani-
      mous award in favor of Mercantile Bank against defendants in the
      amount of $750,000. Mercantile Bank attempted to accept the
      award as to the personal guarantors while rejecting it as to the
      Centre and Capital Partners. Defendants attempted to accept the
      award. The court, Wendy M. Baxter, J., ruled that the case
      evaluation did not resolve Mercantile Bank's claims against the
      Centre and Capital Partners, but did resolve Mercantile Bank's
      claims against the personal guarantors. The court granted Mer-
      cantile Bank's motion for summary disposition and ordered judi-
      cial foreclosure. Mercantile Bank filed a proposed order granting
      summary disposition and ordering judicial foreclosure in the
      amount of $979,777.05. The Centre and Capital Partners chal-
      lenged the proposed order, filing a motion for a determination of
      attorney fees and seeking credit for certain payments made on the
      loan, including those made under an assignment of rents. In the
      midst of the proceedings, the personal guarantors paid Mercantile
      Bank $760,109.62 and they were dismissed from the case. The trial
      court ultimately entered an order granting Mercantile Bank's
      motion for summary disposition, ruling that the Centre and
      Capital Partners were jointly and severally liable for $979,777.05.

The trial court's order contained a judgment of foreclosure, ordering a foreclosure sale of the mortgaged property unless the Centre and Capital Partners paid the entire unpaid balance of the mortgage debt, plus interest, costs, attorney fees, and other amounts due and owing under the loan documents. The court awarded Mercantile Bank attorney fees of $90,191.95. In Docket No. 311326, the Centre and Capital Partners appealed the trial court's order granting summary disposition and a judgment of foreclosure in favor of Mercantile Bank. In Docket No. 313276, the Centre and Capital Partners appealed the trial court's order determining the reasonableness of Mercantile Bank's attorney fees.

The Court of Appeals *held*:

1. Under MCR 2.403(K)(2), case evaluators must include a separate award as to each plaintiff's claim against each defendant and as to each cross-claim, counterclaim, or third-party claim that has been filed in the action, with all claims filed by one party against any other party treated as a single claim. Under MCR 2.403(L)(3)(a), in cases involving multiple parties, a party may accept awards against some opposing parties while rejecting awards against other opposing parties. The court rules do not permit a party to partially accept and partially reject a single award. When a party's response to a case evaluation does not conform to the court rules, the trial court should deem the response a rejection. In this case, the case evaluation panel failed to follow MCR 2.403(K)(2), instead issuing a single award that Mercantile Bank tried to partially accept and partially reject. Because Mercantile Bank's response was an improper response, it constituted a rejection of the case evaluation, so the case evaluation did not resolve the parties' claims. Accordingly, although the trial court erred when it concluded that Mercantile Bank could partially accept the award, the trial court did not err when it granted Mercantile Bank's motion for summary disposition, because case evaluation had not resolved the claims between Mercantile Bank, the Centre, and Capital Partners.

2. When a plaintiff files a complaint to foreclose on a mortgage, the trial court may order a foreclosure sale sufficient to discharge the amount due on the mortgage on real estate plus costs. The amount to be calculated in the judgment of foreclosure is that which is owed under the written instrument. The mortgagor is entitled to credits on the indebtedness for partial payments made before the judgment of foreclosure. In this case, the trial court erred when it stated in its order that the amount due was $979,777.05, because the judgment failed to reflect payments that

the Centre, Capital Partners, and the personal guarantors had made on the note. The trial court erred when it failed to rule on, thereby denying, the Centre and Capital Partners' motion for application of payments. Remand was necessary for the trial court to determine the credits due the Centre and Capital Partners, and for entry of judgment in the amount sufficient to discharge the debt plus costs.

3. The Centre and Capital Partners' assertion that because the case evaluation award included attorney fees, the trial court's attorney fee award required them to pay some attorney fees twice, lacked merit. There was no accepted case evaluation, and judgment was never entered on the case evaluation, contravening the premise of the Centre and Capital Partners' argument.

In Docket No. 311326, order granting summary disposition in favor of Mercantile Bank affirmed, judgment of foreclosure vacated, and case remanded for further proceedings.

In Docket No. 313276, order determining the reasonableness of Mercantile Bank's attorney fees affirmed.

1. PRETRIAL PROCEDURE — CASE EVALUATION — PARTIAL ACCEPTANCE.

Under MCR 2.403(K)(2), case evaluators must include a separate award as to each plaintiff's claim against each defendant and as to each cross-claim, counterclaim, or third-party claim that has been filed in the action, with all claims filed by one party against any other party treated as a single claim; under MCR 2.403(L)(3)(a), in cases involving multiple parties, a party may accept awards against some opposing parties while rejecting awards against other opposing parties; the court rules do not permit a party to partially accept and partially reject a single award; when a party's response to a case evaluation does not conform to the court rules, including when a party improperly tries to partially accept and partially reject a single award, the trial court should deem the response a rejection.

2. MORTGAGES — FORECLOSURE — JUDGMENT OF FORECLOSURE — ENTITLEMENT TO CREDITS ON THE INDEBTEDNESS.

When a plaintiff files a complaint to foreclose on a mortgage, the trial court may order a foreclosure sale sufficient to discharge the amount due on the mortgage on real estate plus costs; the amount to be calculated in the judgment of foreclosure is that which is owed under the written instrument; the mortgagor is entitled to credits on the indebtedness for partial payments made before the judgment of foreclosure (MCL 600.3115).

*Kreis, Enderle, Hudgins & Borsos PC* (by *Floyd E. Gates, Jr.*, and *Sara E. D. Fazio*) for Mercantile Bank Mortgage Company, LLC.

*Nemes Rooney, P.C.* (by *Thomas C. Nemes*), for NGPCP/BRYS Centre, LLC, and NGP Capital Partners, LLC.

Before: FITZGERALD, P.J., and SAAD and WHITBECK, JJ.

PER CURIAM. These consolidated cases involve extensive, contentious proceedings surrounding the judicial foreclosure of a mortgage securing a commercial loan. In Docket No. 311326, defendants, NGPCP/BRYS Centre, LLC (the Centre) and NGP Capital Partners, LLC, appeal as of right the trial court's order granting summary disposition and judgment of foreclosure in favor of plaintiff, Mercantile Mortgage Bank Company, LLC. Because the trial court properly granted summary disposition after it determined that case evaluation did not resolve the claims against the Centre and Capital Partners by Mercantile Bank, but incorrectly determined the amount of the judgment for foreclosure, we affirm in part, vacate in part, and remand.

In Docket No. 313276, the Centre and Capital Partners appeal as of right the trial court's order determining the reasonableness of Mercantile Bank's attorney fees. We affirm.

### I. FACTS

#### A. BACKGROUND FACTS

On July 23, 2007, Mercantile Bank agreed to loan the Centre $744,000 as a business loan. Ford A. Grifo, Daniel J. Nemes, and Mark S. Provenzano (collectively, the personal guarantors) provided personal guaranties

of up to 100% of the indebtedness, and Capital Partners provided an "unlimited" corporate guaranty. The Centre also provided an assignment of rents and a mortgage on property at 21139 Mack Avenue in Grosse Point Woods as security for the loan.

### B. THE COMPLAINT AND COUNTER-COMPLAINT

On December 09, 2009, Mercantile Bank filed a complaint against the individual guarantors, Capital Partners, and the Centre. Mercantile Bank alleged that the Centre breached the parties' contract by defaulting on the promissory note and business loan agreement. Mercantile Bank alleged breach of guaranty against the individual guarantors and Capital Partners, asserting that they had failed to pay the Centre's past-due amounts. Mercantile Bank sought damages and a judgment of foreclosure on the basis of the Centre's default.

The Centre, Capital Partners, and the personal guarantors filed a counter-complaint, alleging promissory estoppel, breach of contract, interference with business opportunities, fraudulent misrepresentation, and negligent misrepresentation. Contentious discovery proceedings followed.

### C. THE CASE EVALUATION AWARD

On March 22, 2011, the parties attended a case evaluation. The case evaluation panel checked the boxes "Award" and "Unanimous," and hand-wrote 750,000 in the box labeled "Amount." In the box labeled "For Party," the evaluation panel hand-wrote "1" (Mercantile Bank), and in the box labeled "Against Party," the evaluation panel hand-wrote "2, 3, 4, 5, 6, 7, 8, & 9" (respectively: Nemes, Capital Partners, Provenzano, Grifo, the Centre,

Nemes, Provenzano, and Grifo). The award sheet also contains the evaluators' signatures, but is otherwise blank.

A notification form, dated April 20, 2011, summarized the results. The summary form indicated in all capital letters that Mercantile Bank "rejects award #1," specifying that Mercantile Bank had accepted the award against the personal guarantors, but had rejected the award against the Centre and Capital Partners. The summary form also indicated that each defendant had accepted the award. The summary form indicated that the case evaluation had been "[r]ejected."

### D. THE MOTION FOR SUMMARY DISPOSITION

Before case evaluation, Mercantile Bank had filed a motion for summary disposition under MCR 2.116(C)(8) and (10), to which the Centre, Capital Partners, and personal guarantors had responded with general denials. On May 20, 2011, Mercantile Bank updated their motion for summary disposition, asserting that case evaluation had resolved its claims against the personal guarantors but not against the Centre and Capital Partners.

At the hearing on the motion, Mercantile Bank contended that it could accept the case evaluation award as to some defendants but not others, and therefore it could accept the award against the personal guarantors but not against the Centre and Capital Partners. The defendants asserted that Mercantile Bank could not partially accept the award and, therefore, had accepted the award in full against all the defendants.

The trial court ruled that the case evaluation did not resolve Mercantile Bank's claims against the Centre and Capital Partners, but did resolve Mercantile Bank's

claims against the personal guarantors. The trial court granted Mercantile Bank's motion for summary disposition and ordered judicial foreclosure.

### E. THE CENTRE'S MOTION FOR ATTORNEY FEES AND APPLICATION OF PAYMENTS

Following summary disposition, Mercantile Bank filed a proposed order granting summary disposition and ordering judicial foreclosure in the amount of $979,777.05. The Centre and Capital Partners challenged the proposed order, and filed a motion for a determination of attorney fees and "proper application of payments received." In their motion, the Centre and Capital Partners asserted that Mercantile Bank had not credited them for a $46,000 principal payment or for the rents that Mercantile Bank had received under an assignment of rents.

At the May 25, 2011 hearing on the motion, the trial court orally granted the Centre and Capital Partners' motion and ordered Mercantile Bank to furnish a bill of particulars. More contentious proceedings followed the trial court's oral ruling, including several competing motions. In the midst of the proceedings, the personal guarantors paid Mercantile Bank $760,109.62 on June 30, 2011, and the court dismissed them from the case.

During the proceedings, the Centre and Capital Partners opposed Mercantile Bank's bill of particulars because it included fees that related to the case evaluation and fees related to the personal guarantors. The Centre and Capital Partners also asserted that Mercantile Bank's bill of particulars regarding payments received was inadequate because Mercantile Bank had omitted the payment from the personal guarantors. The Centre and Capital Partners at-

tached documentation, including Nemes's affidavit, in which he stated that Mercantile Bank had not applied the following payments to the debt: (1) $760,109.62 on June 30, 2011, (2) $62,100 under the assignment of rents, and (3) $42,000 paid in December 2009.

The trial court clarified that it had only meant to grant the Centre and Capital Partners' motion for a bill of particulars related to attorney fees, not to payments received. The trial court clarified that it was granting attorney fees under the parties' contract, not as a case evaluation sanction. The trial court ordered Mercantile Bank to exclude from its bill of particulars attorney fees related to the personal guarantors. In March 2012 and April 2012, the trial court held hearings on the reasonableness of attorney fees, ruled on the Centre and Capital Partners' objections to Mercantile Bank's bill of particulars, and eventually awarded Mercantile Bank attorney fees of $90,191.95.

### F. THE TRIAL COURT'S ORDERS

On September 23, 2011, the trial court entered its order granting Mercantile Bank's motion for summary disposition, ruling that the Centre and Capital Partners were jointly and severally liable for $979,777.05. The trial court's order also contained a judgment of foreclosure, ordering a foreclosure sale of the mortgaged property unless the Centre and Capital Partners paid "[t]he entire unpaid balance of the Mortgage debt . . . in the amount of $979,777.05 as of the date of this Order, plus interests, costs, attorney fees, and other amounts due and owing under the loan documents . . . ."

On October 22, 2012, the trial court entered its order awarding Mercantile Bank $90,191.95 in attorney fees.

## II. CASE EVALUATION

### A. STANDARD OF REVIEW

This Court reviews de novo the interpretation and application of our court rules.[1] This Court also reviews de novo the trial court's decision on a motion for summary disposition.[2] When a party moves the trial court for summary disposition under MCR 2.116(C)(8) and (10) and the trial court considered documents outside the pleadings when deciding the motion, we review the trial court's decision under MCR 2.116(C)(10).[3] A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."

### B. LEGAL STANDARDS

Case evaluation is a mediation proceeding. During case evaluation, the parties submit and argue a concise summary of their factual and legal positions to a panel of three independent evaluators.[4] The case evaluators must "include a separate award as to each plaintiff's claim against each defendant and as to each cross-claim, counterclaim, or third-party claim that has been filed in the action."[5] "[A]ll . . . claims filed by any one party against any other party shall be treated as a single claim."[6]

---

[1] *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012).

[2] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[3] *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007).

[4] MCR 2.403(D)(1), (I)(1), (I)(3), and (J)(3); MCR 2.404.

[5] MCR 2.403(K)(2).

[6] MCR 2.403(K)(2).

A party must file an acceptance or rejection to the panel's evaluation within 28 days.[7] MCR 2.403(L)(3)(a) provides that, in cases involving multiple parties, a party may accept awards against some opposing parties while rejecting awards against other opposing parties:

> Each party has the option of accepting all of the awards covering the claims by or against that party or of accepting some and rejecting others. However, as to any particular opposing party, the party must either accept or reject the evaluation in its entirety.

"If all parties accept the panel's evaluation, the case is over."[8] "If all or part of the evaluation of the case evaluation panel is rejected, the action proceeds to trial in the normal fashion."[9] A party's failure to file an acceptance or rejection constitutes a rejection.[10] When a party's response does not conform to the court rules, the trial court should deem it a rejection.[11]

### C. APPLYING THE STANDARDS

The Centre and Capital Partners contend that the trial court erred by awarding additional judgments against them because it should have determined that the case evaluation resolved the case. Mercantile Bank responds that the trial court properly determined that the case evaluation did not resolve the case because it accepted the award against the personal guarantors, but rejected it against the Centre and Capital Partners. We disagree with both positions.

---

[7] MCR 2.403(L)(1).

[8] *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 557; 640 NW2d 256 (2002). See MCR 2.403(M)(1).

[9] MCR 2.403(N)(1).

[10] MCR 2.403(L)(1).

[11] *Bush v Mobil Oil Corp*, 223 Mich App 222, 227; 565 NW2d 921 (1997), overruled in part on other grounds in *CAM Constr*, 465 Mich 549.

In cases involving multiple parties, MCR 2.403(L)(3) gives a party two options: "accepting all of the awards covering the claims by or against that party" or "accepting some and rejecting others." The grammar of this rule indicates that the word "some" in the phrase "accepting some and rejecting others" refers to the *awards*, not the *parties*. Because MCR 2.403(K)(2) requires the case evaluation panel to issue a separate award as to each plaintiff against each defendant, if the case evaluation panel follows MCR 2.403(K)(2), a plaintiff will be able to accept awards against some defendants while rejecting awards against other defendants.

Here, the case evaluation panel did *not* follow MCR 2.403(K)(2), but instead issued a single award. Mercantile Bank attempted to partially accept and partially reject the single award. The court rules do not allow a party to partially accept and partially reject a single award.[12] Because Mercantile Bank's response was an improper response, the case evaluation panel stated that Mercantile Bank rejected the award. Further, because a party may not partially accept and partially reject a single award, the trial court erred when it determined that Mercantile Bank could partially accept the award.

However, the trial court did *not* err when it determined that case evaluation had not resolved the claims between the parties now on appeal. Mercantile Bank's improper response constituted a rejection of the case evaluation, so case evaluation did not resolve the parties' claims. We conclude that the trial court did not err when it granted Mercantile Bank's motion for summary

---

[12] See *Henderson v Sprout Bros, Inc*, 176 Mich App 661, 667; 440 NW2d 629 (1989) (construing a similar phrase under a previous version of the court rule).

disposition, because case evaluation had not resolved the claims between Mercantile Bank, the Centre, and Capital Partners.

### III. JUDGMENT OF FORECLOSURE

#### A. STANDARD OF REVIEW AND ISSUE PRESERVATION

This Court reviews de novo issues of law.[13] "A trial court commits legal error when it incorrectly chooses, interprets, or applies the law."[14]

#### B. LEGAL STANDARDS

When a plaintiff files a complaint to foreclose on a mortgage, the trial court may order a foreclosure sale "sufficient to discharge the amount due on the mortgage on real estate . . . plus costs."[15] "[T]he amount to be calculated in the judgment of foreclosure is that which is owed *under the written instrument*."[16] The mortgagor is entitled to credits on the indebtedness for partial payments made before the judgment of foreclosure.[17]

#### C. APPLYING THE STANDARDS

The Centre and Capital Partners contend that the trial court erred when it stated in its order that the amount due was "$979,777.05 as of the date of this

[13] *Singer v American States Ins*, 245 Mich App 370, 373-374; 631 NW2d 34 (2001).

[14] *Smith v Smith*, 278 Mich App 198, 200; 748 NW2d 258 (2008).

[15] MCL 600.3115. See *Stewart v Isbell*, 155 Mich App 65, 81; 399 NW2d 440 (1986).

[16] *Stewart*, 155 Mich App at 81.

[17] See *Dusseau v Roscommon State Bank*, 80 Mich App 531, 549; 264 NW2d 350 (1978).

Order . . . ." because its judgment failed to reflect pay-
ments that they made on the note. We agree.

In *Dusseau v Roscommon State Bank,* the plaintiff
sought to prevent the defendant from foreclosing on a
mortgage until it credited the plaintiff for "the value of
a portion of the mortgaged property released by the
mortgagee[.]"[18] The parties disputed the amount for
which the defendant should have credited the plain-
tiff.[19] This Court ordered the trial court to correct the
judgment of foreclosure to reflect the fair market value
of the property that the trial court should have credited
against the mortgage.[20]

In this case, Mercantile Bank asserts that the trial
court's order accurately reflected its oral ruling on
May 24, 2011. Mercantile Bank confuses the trial
court's ruling on its motion for summary disposition
with the trial court's judgment of foreclosure. On
May 24, 2011, the trial court granted Mercantile
Bank's motion for summary disposition under MCR
2.116(C)(10). Because the Centre and Capital Part-
ners failed to prove an issue of fact regarding dam-
ages, the trial court's September 23, 2011 order
correctly reflects that summary disposition was
granted for $979,777.05 in damages.

However, the trial court's September 23, 2011 order
does not only contain a ruling on the motion for
summary disposition. It also contains a judgment of
foreclosure. As in *Dusseau,* here, the Centre and Capital
Partners disputed the amount that it owed Mercantile
Bank on the underlying debt in their motion to deter-
mine an application of payments. However, unlike in
*Dusseau,* the trial court did not award the Center and

---

[18] *Id.* at 532.

[19] *Id.*

[20] *Id.* at 549.

Capital Partners a lower amount than the amount to which they were entitled. Instead, the trial court failed to make any determination.

We conclude that the trial court erred when it failed to rule on, thereby denying, the Centre and Capital Partners' motion for application of payments. On the judgment of foreclosure, the Centre and Capital Partners were entitled to credits for their partial payments and the payment made by the personal guarantors on the debt. As a result of its failure to determine whether and in what amount partial payments were made on the debt, the trial court's order did not accurately state the amount owed under the written instrument in the judgment of foreclosure.

However, unlike in *Dusseau*, we cannot simply remand for a correction of the judgment. Though it is clear from the record that the Centre and Capital Partners are entitled to some credit, it is unclear whether that credit should include an amount under the assignment of rents and the alleged December 2009 payment. We thus remand for the trial court to (1) determine what credits are due the Centre and Capital Partners, and (2) order judgment in the amount sufficient to discharge the debt, plus costs.

### IV. ATTORNEY FEES

The Centre and Capital Partners contend that, because the case evaluation award included attorney fees, the trial court's attorney fee award requires them to pay some attorney fees twice. The Centre and Capital Partners premise their argument on the existence of an accepted case evaluation award. However, for the reasons previously stated, there was no accepted case evaluation in this case. And, in any event, judgment was never entered on the case evaluation. The court instead

dismissed the personal guarantors from the case. We conclude that the Centre and Capital Partners' argument lacks merit.

### V. CONCLUSIONS

The trial court properly determined that case evaluation did not resolve Mercantile Bank's claims against the Centre and Capital Partners, but also conclude that it did not properly determine the amount of the judgment of foreclosure. We conclude that the Centre and Capital Partners' challenge to the trial court's award of attorney fees lacks merit.

In Docket No. 311326, we affirm in part, vacate in part, and remand. In Docket No. 313276, we affirm. We do not retain jurisdiction. Neither party having prevailed in full, neither may tax costs.[21]

FITZGERALD, P.J., and SAAD and WHITBECK, JJ., concurred.

---

[21] MCR 7.219(A).