EVANS *v.* LINCK.

EQUITY—LACHES—DEATH OF WITNESS—ACCOUNTING—PLEADING.
> Principle that one who waits until the death of a witness has prevented denial of his claim or disclosure of the truth is guilty of laches and may not maintain a suit in chancery *held*, inapplicable on motion to dismiss suit for accounting against receiver of bank where pleadings disclose written evidence of transactions by way of receipt of then cashier, now deceased, for securities and book accounts left for collection where pleadings herein and general denial of liability in answer of cashier in former suit for accounting do not show effect of cashier's death on plaintiff's whole right to recover, hence dismissal prior to hearing was premature.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 22, 1937. (Docket No. 75, Calendar No. 39,389.) Decided June 7, 1937.

Bill by Charles A. Evans against S. J. Linck, receiver of Nunica State Bank, a corporation, for an accounting, allowance of claim and other relief. Bill dismissed. Plaintiff appeals. Reversed and remanded for hearing.

*Leland W. Grotewohl* and *Christian A. Broek,* for plaintiff.

*Leo C. Lillie,* for defendant.

FEAD, C. J. Plaintiff appeals from an order dismissing his bill on the ground of laches.

The bill, filed October 11, 1935, alleges that in 1927 plaintiff deposited notes and mortgages, in value of over $10,000, in the Nunica State Bank for collection

and settlement with him; he had receipt from W. E. Slater, then cashier, which, while obscure in form, provided that "all notes collected by the to be credited to Charles A. Evans account;" collections have been made upon the securities continuously from 1927 to the present time; in 1934 he filed claim with defendant receiver for an accounting and his claim was disallowed; it was also disallowed twice by the State banking commissioner and he was advised by the latter that his remedy, if any, was in litigation. The receiver for the bank was appointed in 1933.

Defendant answered that in 1928 plaintiff had filed bill for an accounting against the bank and Slater; the latter had filed sworn answers wholly denying plaintiff's interest in the securities; portions of the sworn answer of Slater are incorporated in the instant answer; the former suit was dismissed in 1930 under the statute governing actions in which no progress is made within a year; Slater died January 2, 1932; plaintiff has no interest in the securities or proceeds.

Defendant's motion for dismissal of the bill, because the claims are barred by the statute of limitations (3 Comp. Laws 1929, §§ 13976, 13977), was denied December 31, 1935. The motion to dismiss for laches was filed November 12, 1936.

The motion is based upon the claim that all the oral agreements regarding plaintiff's securities were made with Slater; and that plaintiff's action in failing to prosecute the former suit for accounting and in waiting until after Slater's death before filing this bill amounted to laches. He invokes the familiar principle that one who waits until the death of a witness has prevented denial of his claim or disclosure of the truth is guilty of laches and may not maintain a suit in chancery.

The principle is well settled but it is not applicable here. The pleadings disclose written evidence of the transactions by way of receipt for the securities and book accounts. There may be more. The pleadings do not set up specifications from which it can be said that the written evidence is controlled, or whether or in what respect it may be affected, by oral agreements between Slater and plaintiff. Slater's general denial of liability in his answer in the former case is a mere conclusion. In fine, the pleadings do not demonstrate that Slater's testimony, if available and favorable to defendant, would go to plaintiff's whole case or be determinative of it. It is further to be noted that plaintiff does not rely upon oral agreements with Slater. Because the effect of Slater's death upon plaintiff's whole right to recover does not definitely appear from the pleadings, the motion to dismiss was premature and the point of laches must await developments at the hearing.

This makes it unnecessary to pass upon the other contentions, some of which may be affected by conditions at the trial.

Reversed and remanded for hearing, with costs to plaintiff.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.