Griffin, P.J.
 

 In this action alleging negligent operation of a motor vehicle, defendant appeals as of right from a judgment, following a two-day jury trial, awarding plaintiff $200,000 in personal injury damages. The sole issue raised on appeal is whether the trial court abused its discretion in denying defendant’s request to instruct the jury on comparative negligence. We affirm.
 

 i
 

 Defendant and plaintiff had once been involved in a romantic relationship. On March 23, 1994, there was a physical altercation between the parties that culminated in plaintiff’s being dragged by the automobile defendant was driving. Plaintiff let go of the moving automobile and allegedly suffered injuries to his neck, the palms of his hands, wrists, and hip.
 

 Defendant filed a complaint for claim and delivery in May 1994. Plaintiff subsequently filed a counter-complaint and first amended countercomplaint, alleging assault and battery, claim and delivery, intentional theft, and conversion of funds. Defendant’s answers to plaintiff’s original and first amended countercomplaints both set forth the affirmative defense of comparative negligence.
 

 In May 1995, a stipulated order was entered by the district court that provided for bifurcation of the assault and battery and the claim and delivery counts.
 
 *557
 
 Additionally, plaintiff was granted leave to amend his countercomplaint a second time. Plaintiff then filed his second amended countercomplaint, alleging a count of assault and battery and a count of intentional assault/negligence. Defendant’s answer to the second amended countercomplaint did not plead any affirmative defenses.
 

 In October 1995, the district court entered an order that dismissed or reflected settlement of all the claims raised in the initial and two amended countercomplaints with the exception of plaintiff’s claim of negligent operation of a motor vehicle. This remaining portion of the case was removed to the circuit court.
 

 On the morning of the first day of trial, plaintiff objected to defendant’s use of the comparative negligence defense. Defense counsel acknowledged that this defense had not been pleaded in answer to the second amended countercomplaint and requested leave to amend the pleadings in conformity with the evidence if necessary. The trial court deferred ruling on the issue until such time “if and when it should arise.” The trial then proceeded.
 
 [1]
 

 After the jury had been instructed and had retired to deliberate, the trial court denied defendant’s renewed motions to amend the pleadings to include the affirmative defense of comparative negligence and to allow the jury to be instructed on this defense. The jury subsequently returned a verdict in favor of plain
 
 *558
 
 tiff in the amount of $200,000. Defendant now appeals.
 
 [2]
 

 n
 

 The sole issue raised on appeal is whether the trial court abused its discretion in failing to instruct the jury on comparative negligence as requested by defendant. Jury instructions are reviewed as a whole to determine whether the instructions adequately informed the jury of the applicable law.
 
 McPeak v McPeak (On Remand),
 
 233 Mich App 483, 494; 593 NW2d 180 (1999). Claims of instructional error are reviewed for an abuse of discretion.
 
 Joerger v Gordon Food Service, Inc,
 
 224 Mich App 167, 175; 568 NW2d 365 (1997).
 

 In this case, the issue of instructional error must be decided in the context of two sub-issues raised by defendant that govern the general question: (1) whether defendant waived the affirmative defense of comparative negligence, and (2) whether the trial court erred in refusing to allow defendant to amend her pleadings to conform with the proofs at trial. If the affirmative defense was waived, then the trial court did not abuse its discretion in refusing to instruct on the issue of comparative negligence. Alternatively, if the trial court properly refused to allow defendant to amend her answer to include the affirmative defense, the allegation of instructional error has no merit. Conversely, if the affirmative defense was
 
 *559
 
 not waived or the pleadings should have been amended to conform to the proofs, then this Court must determine whether the jury verdict was inconsistent with substantial justice. The failure to give a properly requested, applicable, and accurate instruction does not require reversal unless the failure to vacate the jury verdict would be inconsistent with substantial justice. See
 
 Pontiac School Dist v Miller, Canfield, Paddock & Stone,
 
 221 Mich App 602, 622; 563 NW2d 693 (1997).
 

 A
 

 Defendant contends that the trial court erroneously determined that she had waived the affirmative defense of comparative negligence. The affirmative defense was set forth in both defendant’s original responsive pleading and response to the first amended countercomplaint. However, defendant admits that in her subsequent responsive answer to the second amended countercomplaint she did not plead the affirmative defense of comparative negligence.
 

 At issue is the interplay between two court rules, MCR 2.111(F)(3) and MCR 2.118(A)(4).
 
 [3]
 
 The interpretation and application of court rules and statutes presents a question of law that is reviewed de novo.
 
 McAuley v General Motors Corp,
 
 457 Mich 513, 518; 578 NW2d 282 (1998);
 
 Szymanski v Brown,
 
 221 Mich App 423, 433; 562 NW2d 212 (1997). This Court applies the ordinary rules of statutory construction when interpreting the Michigan Court Rules.
 
 Taylor v
 
 
 *560
 

 Anesthesia Associates of Muskegon, PC,
 
 179 Mich App 384, 386; 445 NW2d 525 (1989). When construing a statute, a court should presume that every word has some meaning, and a construction that renders some part nugatory or surplusage should be avoided.
 
 Tiger Stadium Fan Club, Inc v Governor,
 
 217 Mich App 439, 457; 553 NW2d 7 (1996). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted.
 
 People v Borchard-Ruhland,
 
 460 Mich 278, 284; 597 NW2d 1 (1999).
 

 MCR 2.111(F), on which defendant relies, states in pertinent part:
 

 (2) Defenses Must Be Pleaded; Exceptions. A party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim, or third-party claim must assert in a responsive pleading the defenses the party has against the claim. A defense not asserted in the responsive pleading or by motion as provided by these rules is waived
 

 (3) Affirmative Defenses.
 
 Affirmative defenses must be stated in a party’s responsive pleading, either as originally filed or as amended in accordance with MCR 2.118.
 
 [Emphasis added.]
 

 Under defendant’s interpretation of MCR 2.111(F)(3), the affirmative defense of comparative negligence was preserved in this case because it was pleaded in either the first responsive pleading or in response to the first amended complaint. Defendant argues that once an affirmative defense has been raised, the primary purpose of a pleading—to give notice to the adverse party of a claim or defense that that party must meet or defend—has been met and
 
 *561
 
 the defense need not be reasserted in subsequent amended pleadings.
 

 Plaintiff, on the other hand, contends that MCR 2.118(A)(4) governs the present circumstances. That court rule states:
 

 Amendments must be filed in writing, dated, and numbered consecutively, and must comply with MCR 2.113. Unless otherwise indicated,
 
 an amended pleading supersedes the former pleading.
 
 [Emphasis added.]
 

 Plaintiff asserts that pursuant to this court rule, defendant’s answer to the second amended counter-complaint supersedes all prior pleadings (and affirmative defenses asserted therein); thus, defendant’s failure to reallege the comparative negligence defense in the most recent amended pleading waives it under the applicable court rules.
 

 The trial court agreed with plaintiff’s assertion, concluding as follows:
 

 I believe the law is that a subsequent pleading is a substitution for an earlier pleading. Now, the way I read the court rule ... is if counsel and if the Defendant intended to rely on her earlier affirmative defense in her second amended answer, she should have said so. And she didn’t do that, and therefore that took that issue out of the case as I viewed it and as I indicated in my scheduling order. I didn’t list comparative [sic] defense, because I didn’t—when I reviewed the pleadings at that point, there wasn’t an affirmative defense of comparative negligence.
 

 We, in turn, agree with the trial court that defendant waived the affirmative defense of comparative negligence by her failure to set forth that defense in the second amended answer to plaintiff’s counter-complaint. By its express terms, MCR 2.111(F)(3)
 
 *562
 
 must be read in conjunction with MCR 2.118(A)(4). The former requires that an affirmative defense be stated in a party’s responsive pleading, “either as originally filed
 
 or as amended in accordance with MCR 2.118.”
 
 By virtue of MCR 2.118(A)(4):
 

 § 838. An amended pleading that is complete in itself and does not refer to or adopt a former pleading as a part of it supersedes or supplants the former pleading, and the prior pleading is considered abandoned and withdrawn. The purpose of this rule [is] to ensure that the court and the opposing parties will be aware of the points at issue.
 

 § 839. The original pleading is abandoned and withdrawn by an amendment thereto, and is no longer a part of the pleader’s averments. The plaintiff cannot avail himself or herself of the allegations contained in the superseded pleading, unless they are set out or referred to in the amended pleading. This rule applies not only to factual allegations but also to theories of recovery. [61B Am Jur 2d, Pleading, pp 92-93.]
 

 The underpinnings of this court rule are practical in nature:
 

 [B]y requiring amended pleadings to conform to MCR 2.113, MCR 2.118(A)(4) requires that the amended pleading be complete unto itself, and not merely a document that is limited to listing the changes from the earlier pleading. This rule obviates the need to dig into a file for earlier pleadings to make sense of the amendment. [1 Dean & Longhofer, Michigan Court Rules Practice (4th ed), § 2118.7, p 557.]
 

 It necessarily and logically follows that just as an amended complaint supersedes the original complaint, a party’s most recent amended answer supersedes any previously filed responsive pleadings. Consequently, in order to be properly preserved, an affirmative defense must be expressly asserted, or
 
 *563
 
 expressly incorporated from a former pleading, in each successive amendment of the original responsive pleading.
 
 [4]
 
 In this case, in light of defendant’s failure to explicitly reassert the affirmative defense of comparative negligence in her answer to plaintiff’s second amended countercomplaint, the trial court properly ruled that defendant waived the defense.
 

 B
 

 In the alternative, defendant maintains that even if the affirmative defense of comparative negligence was waived, the trial court nonetheless erred in refusing to allow her to amend her pleadings to reallege the defense to conform with the proofs at trial. We disagree.
 

 The grant or denial of leave to amend is within the trial court’s discretion.
 
 Weymers v Khera,
 
 454 Mich 639, 654; 563 NW2d 647 (1997). Ordinarily, leave to amend a complaint should be “freely given when justice so requires.” MCR 2.118(A)(2);
 
 Weymers, supra
 
 at 658. However, the Michigan Supreme Court has recognized a “distinction between the strict requirements for amendment at trial of MCR 2.118(C)(2) and the free amendment rule of MCR 2.118(A)(2),”
 
 id.
 
 at 660, n 26. Pursuant to MCR 2.118(C)(2):
 

 If evidence is objected to at trial on the ground that it is not within the issues raised by the pleadings, amendment to conform to that proof shall not be allowed unless the party seeking to amend satisfies the court that the amendment and the admission of the evidence would not prejudice the
 
 *564
 
 objecting party in maintaining bis or her action or defense on the merits.
 

 See, also,
 
 Weymers, supra
 
 at 659-660;
 
 Dacon v Transue,
 
 441 Mich 315, 333; 490 NW2d 369 (1992);
 
 Cremonte v Michigan State Police,
 
 232 Mich App 240, 245, 248; 591 NW2d 261 (1998).
 

 The more stringent standard set forth in MCR 2.118(C)(2) applies herein because defendant moved to amend her pleadings on the morning of trial. We find no abuse of discretion in the trial court’s denial of defendant’s motion on the basis that plaintiff would be unfairly prejudiced by the amendment.
 

 Although defendant contends that plaintiff had notice of the affirmative defense because it was pleaded in the first two answers, only an intentional tort was alleged in the original countercomplaint and first amended countercomplaint. A comparative negligence defense is inapplicable to a claim of intentional tort.
 
 Hickey v Zezulka (On Resubmission),
 
 439 Mich 408, 441; 487 NW2d 106 (1992) (opinion by Brickley, J.), amended 440 Mich 1203 (1992). It was not until the second amended countercomplaint that ordinary negligence was alleged and to this complaint defendant filed no affirmative defenses.
 

 Additionally, defendant contends that plaintiff had notice of the affirmative defense because it was referenced in a pretrial brief and the standard jury instructions pertaining to comparative negligence were requested. However, the court in its scheduling order made no reference to this affirmative defense. Moreover, plaintiff notified defendant in a letter 2V2 weeks before trial that no affirmative defenses had been pleaded. Defendant made no subsequent attempt, until the day of trial, to add an affirmative defense,
 
 *565
 
 thereby influencing how plaintiffs counsel prepared for and proceeded to trial. In fact, plaintiffs counsel opposed the introduction of evidence of plaintiffs comparative negligence at trial. A trial court may find the requisite prejudice when the opposing party shows he did not have reasonable notice that the moving party would rely on the proposed theory at trial:
 

 “The litigation may proceed to a point where the opposing party cannot reasonably be expected to defend against the amendment; this is an especially pertinent factor on the eve of, during, or after trial.”
 
 [Weymers, supra
 
 at 659, quoting
 
 Ben P Fyke & Sons v Gunter Co,
 
 390 Mich 649, 663; 213 NW2d 134 (1973).]
 

 In any event, a review of the record indicates that plaintiffs comparative negligence did not, over plaintiffs successful objection, become an issue during the trial; thus, an amendment adding the affirmative defense for the purpose of conforming to the proofs was not required. The evidence adduced at trial regarding plaintiffs actions was relevant to the issue of causation, not comparative negligence. Defense counsel argued that the proximate cause of the injury was plaintiffs decision to lean in through the automobile window to retrieve his keys from defendant before she started to operate her motor vehicle.
 
 [5]
 
 Thus, from a practical standpoint, the facts did not
 
 *566
 
 justify the amendment. The trial court therefore did not abuse its discretion in denying defendant’s motion to amend on the morning of trial. MCR 2.118(C)(2).
 

 On the basis of our disposition of the subissues discussed above, we hold that the trial court did not err in refusing to give the requested instruction on the affirmative defense of comparative negligence.
 
 McPeak,
 
 supra;
 
 Joerger, supra.
 

 Affirmed.
 

 [1]
 

 During trial, the court entertained arguments in chambers regarding the comparative negligence issue; the record merely reflects that such a meeting transpired.
 

 [2]
 

 Although the parties to this appeal properly should be referred to as “counterplaintiff’ and “counterdefendant,” this case is captioned in accordance with an agreement between the parties in light of the fact that all claims except the automobile negligence claim have been resolved.
 

 [3]
 

 This issue was raised but not decided in
 
 McManus v St Joseph Hosp
 
 Corp, 167 Mich App 432; 423 NW2d 217 (1987).
 

 [4]
 

 The exceptions to this requirement that are set forth in MCR 2.111(F)(2) do not apply to the facts of this case.
 

 [5]
 

 Defense counsel argued in closing:
 

 Ripping the keys out of the ignition, putting the car into park, grabbing her hair, pulling her head. I can guarantee you if Michael Grzesick had never decided to do whatever he thought it was necessary and appropriate to do, if he decided never to dive into that car, if he never decided never [sic] to grab Anne Cepela’s hair and pull it, you wouldn’t be here. That’s why you’re here. That’s also
 
 *566
 
 why I can tell you plainly, simply, clearly, and honestly that Anne Cepela was not negligent.
 

 The Plaintiff wants you to think that all these fears of something happening in the future justified him diving into her car. I’m here to tell you that what actually happened that day when he jumped in that car justified what she did. She was not negligent. She was fleeing. All she wants at that point was out of there.