BENNETT v MEDICAL EVALUATION SPECIALISTS

Docket Nos. 213274, 215874. Submitted September 19, 2000, at Detroit. Decided December 26, 2000, at 10:10 A.M.

The Court of Appeals *held*:

The plaintiff clearly violated the provisions of MCR 2.403(N)(4). The trial court's assurance that it could disregard the information revealed in direct violation of the rule was an inadequate remedy. The trial court must declare a mistrial and reassign the case to another judge in such a situation. The trial court's judgment and orders must be vacated and the matter must be remanded for a trial before a different judge.

Vacated and remanded.

TRIAL — MEDIATION EVALUATIONS — SANCTIONS FOR PREMATURE REVELATION.

The appropriate sanction when a party violates the provisions of MCR 2.403(N)(4) by prematurely revealing a mediation evaluation before the court has rendered its judgment is disqualification of the judge and transfer of the matter to a different judge for a retrial where there is no suggestion that the revelation was done as a means of forum shopping; a trial court's assurance that it can disregard the information revealed in direct violation of the rule is an inadequate

remedy for the violation and the court must declare a mistrial and reassign the matter to another judge for a retrial.

*Thomas E. Marshall, P.C.* (by *Thomas E. Marshall* and *Janice Williams-Jones*), for the plaintiff.

*Butzel Long* (by *Melvin J. Hollowell, Jr.,* and *Daniel B. Tukel*), for the defendant.

Amicus Curiae:

*Plunkett & Cooney, P.C.* (by *Jeffrey C. Gerish*), for Michigan Defense Trial Counsel, Inc.

Before: OWENS, P.J., and M. J. KELLY and HOEKSTRA, JJ.

HOEKSTRA, J. In this case, we are asked to resolve what is the proper sanction for an intentional violation of MCR 2.403(N)(4). We hold that when a party intentionally reveals the amount of a mediation evaluation to the trial court during a nonjury trial, the trial court must declare a mistrial and reassign the case to another judge. Accordingly, we vacate the trial court's judgment and remand for a new trial before a different judge.

Plaintiff sued defendant, her employer, alleging race discrimination in violation of Michigan's Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.,* and alleging a related retaliation claim. Before trial, defendant moved for summary disposition. After a hearing regarding defendant's motion, all but one aspect of the race discrimination claim were disposed of in favor of defendant.[1] A trial proceeded on the sole issue whether defendant's alleged failure to pro-

---

[1] The trial court recognized that plaintiff abandoned the claim of retaliation and the allegation that defendant failed to pay her a bonus.

mote plaintiff in 1993 to a managerial position was based on race discrimination.

The trial court, rather than a jury, sat as the trier of fact. After an eight-day trial, but before the trial court rendered a judgment, the parties submitted proposed findings of fact and conclusions of law. In her proposal, plaintiff revealed the mediation evaluation amount and that plaintiff had accepted it and defendant had rejected it. Plaintiff attached a copy of the mediation evaluation indicating her acceptance of it. Further, plaintiff stated the amount of judgment necessary to trigger mediation sanctions. On the basis of these revelations, defendant moved for involuntary dismissal or a mistrial, and for sanctions for the plaintiff's violation of MCR 2.403(N)(4).

During a hearing regarding defendant's motion, the trial court recognized that there are no sanctions provided by court rule or otherwise to offset plaintiff's violation of the court rule. The trial court denied defendant's motion, stating that it would not be influenced by the mediation evaluation. Less than two weeks later, the trial court ruled in favor of plaintiff, finding that defendant had discriminated against her on the basis of race and granting her the requested relief, both economic and noneconomic damages, in the amount of $99,373. The trial court reserved the determination of interest, costs, and attorney fees pending a hearing thereon.

At a later date, the trial court heard plaintiff's motion for costs, interest, expenses, and attorney fees, and defendant's related motion to dismiss for lack of jurisdiction on the basis of a previously filed appeal as of right from the trial court's judgment in favor of plaintiff and from the trial court's previous

order granting in part and denying in part defendant's motion for summary disposition. In postjudgment orders, the trial court granted plaintiff's motion, awarding costs, interest, and attorney fees, and denied defendant's motion to dismiss, for lack of jurisdiction, plaintiff's motion. Defendant appeals these postjudgment orders by leave granted. These separate appeals are consolidated for review by this Court.

Defendant first argues on appeal that plaintiff's intentional violation of MCR 2.403(N)(4) entitled defendant to an involuntary dismissal or a mistrial and a retrial before a different judge. Resolution of this issue requires interpretation and application of a court rule, which this Court reviews de novo. *People v Levandoski*, 237 Mich App 612, 617; 603 NW2d 831 (1999); *Grzesick v Cepela*, 237 Mich App 554, 559; 603 NW2d 809 (1999). When interpreting court rules, the same basic principles governing statutory interpretation apply. *Bush v Mobil Oil Corp*, 223 Mich App 222, 226; 565 NW2d 921 (1997). "A court rule should be construed in accordance with the ordinary and approved usage of its language in light of the purpose the rule seeks to accomplish." *Id.*

MCR 2.403(N)(4) provides:

> The ADR clerk shall place a copy of the case evaluation and the parties' acceptances and rejections in a sealed envelope for filing with the clerk of the court. *In a nonjury action*, the envelope may not be opened and *the parties may not reveal the amount of the evaluation until the judge has rendered judgment.* [Emphasis supplied.]

Clearly, as she concedes on appeal, plaintiff violated MCR 2.403(N)(4) when she revealed the mediation

evaluation amount to the trial court and that plaintiff had accepted, but defendant had rejected it.

However, MCR 2.403(N)(4) is silent with regard to the appropriate sanction when a violation occurs. After reviewing the purpose of and the policy behind mediation in general, we conclude that a judge's assurance to disregard the information revealed in direct violation of MCR 2.403(N)(4) is inadequate, and thus, we hold that the trial court must declare a mistrial and reassign the case to another judge.

The purpose of the mediation process under MCR 2.403 is to expedite and simplify the final settlement of cases. *Bush, supra*; see also *Knoke v Michlin Chemical Corp*, 188 Mich App 456, 459; 470 NW2d 420 (1991) ("The purpose of mediation is to provide a process by which the settlement value of a given case, on the basis of differing perspectives, may be evaluated and guidance [given] to the respective parties with the intent that they may resolve their dispute without the expense of trial."). One of the main concerns of the mediation rule, as evidenced by certain subsections of MCR 2.403, is judicial impartiality where a mediated case proceeds to trial. See MCR 2.403(D)(3) and (N)(2)(d). Although a previous version of the mediation rule[2] did not expressly forbid counsel from revealing the mediation award to the trial court before or during trial, MCR 2.403(N)(4) expressly prohibits this conduct until the trial court has rendered a

---

[2] GCR 1963, 316.6 provided in relevant part:

The mediation clerk shall place a copy of the mediation evaluation and the parties' acceptances and rejections in a sealed envelope for filing with the clerk of the court. The envelope may not be opened in a nonjury case until the trial judge has rendered judgment. [GCR 1963, 316.6(h)(2).]

judgment. See 2 Dean & Longhofer, Michigan Court Rules Practice (4th ed), pp 525-526.

Other subsections of MCR 2.403 imply or state when a judge is disqualified. For example, MCR 2.403(D)(3), which provides that "[a] judge may be selected as a member of a case evaluation panel, but may not preside at the trial of any action in which he or she served as a case evaluator," implies that a trial judge with knowledge of a mediation award is disqualified from further participation in the action. See Dean & Longhofer, *supra.* In addition, MCR 2.403(N)(2)(d) precludes a judge who hears a motion based on the mediators' determination that a party's action or defense is frivolous under subrule 2.403(K)(4) from presiding at a nonjury trial on the action. As stated in Dean & Longhofer, *supra* at 526, "[f]or obvious reasons, the judge who conducts such a review is automatically disqualified from conducting a bench trial in the action."

Moreover, concerns arise about the efficacy of mediation where violation of the mediation rules goes unpunished. Allowing violation of court rules without imposing sanctions will detract from the efficacy of the rules and may result in gamesmanship—a result our courts seek to avoid. This Court and our Supreme Court have recognized the importance of the mediation process, and have condemned the manipulation of the court rules through gamesmanship; the Supreme Court even amended MCR 2.405(E), the offer of judgment rule, having determined that it was undermining the MCR 2.403 mediation process. See *Reitmeyer v Schultz Equipment & Parts Co, Inc*, 237 Mich App 332, 341-342; 602 NW2d 596 (1999).

In light of these considerations, we conclude that the only appropriate sanction when, as in the present case, a party violates MCR 2.403(N)(4) by prematurely revealing the mediation evaluation is disqualification of the judge and transfer to a different judge for retrial.[3] In other words, to protect the integrity and effectuate the purpose of the mediation process under MCR 2.403 and to assure impartiality where a party, in clear violation of MCR 2.403(N)(4), makes a blatant effort to influence the court before it renders judgment and there is no suggestion that the revelation was done as a means to forum shop, the only appropriate sanction is a new trial before a different judge.

Because our resolution of this issue requires the trial court's judgment to be vacated and the matter to be remanded for a new trial before a different judge, we need not reach the other issues raised on appeal.

Vacated and remanded for trial before a different judge. We do not retain jurisdiction.

---

[3] A different question not presented and therefore not decided in this case is the appropriate sanction if it is determined that a party deliberately revealed a mediation evaluation for the purpose of obtaining a new trial because it feels that the trial may not end favorably to that party.