CRANBROOK PROFESSIONAL BUILDING, LLC v POURCHO

Docket No. 234334. Submitted February 6, 2003, at Detroit. Decided April 1, 2003, at 9:20 A.M. Leave to appeal denied, 469 Mich ___.

Cranbrook Professional Building, L.L.C., brought an action in the Oakland Circuit Court against William Pourcho, D.D.S., seeking rent due on office space leased by the defendant. The defendant filed a countercomplaint against the plaintiff and a third-party complaint against Glenn Spencer, D.D.S., the owner of the Cranbrook building. Following evaluation by a case-evaluation panel and the parties' failure to reach a settlement, the trial court, David P. Kerwin, J., met separately with counsel for the parties to determine if the case could be settled before a jury trial began. During the meeting, counsel for Cranbrook and Spencer revealed the case-evaluation results to the trial court. After a jury trial commenced, counsel for Cranbrook and Spencer was observed speaking to a witness subpoenaed by Pourcho. The parties and the court eventually agreed that the problem should be solved by excusing the jury and trying the matter before the court. The court entered a judgment awarding Cranbrook an amount for the rent due and awarding Pourcho an amount with regard to his third-party claim against Spencer. The court thereafter granted a motion for a new trial by Cranbrook and Spencer, and vacated its judgment, ruling that the granting of the motion was required by MCR 2.403(N)(4) because the court had been made aware of the case-evaluation results before the trial. Pourcho appealed by leave granted.

The Court of Appeals *held*:

MCR 2.403(N)(4) prohibits revealing the results of a case evaluation to a judge in a nonjury trial until the judgment has been rendered. Under the facts of this case, at the time the evaluation was revealed to the judge, there was no violation of MCR 2.403(N)(4). Given the particular circumstances that led to the revelation of the case-evaluation results, the trial court erred in finding that it was required to grant a new trial. The order granting a new trial must be reversed and the matter must be remanded for entry of a judgment in accordance with the trial court's original judgment.

Reversed and remanded.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for Cranbrook Professional Building, L.L.C., and Glenn Spencer.

*Butzel Long* (by *David W. Potts, Jack D. Shumate,* and *Dana J. Lakritz*) for William Pourcho.

Before: SAAD, P.J., and ZAHRA and SCHUETTE, JJ.

PER CURIAM. Third-party plaintiff William Pourcho, D.D.S., appeals by leave granted the trial court's order granting a motion for a new trial or amendment of judgment filed by plaintiff Cranbrook Professional Building, L.L.C., and third-party defendant Glenn Spencer, D.D.S. We reverse and remand for entry of judgment in accordance with this opinion.

## I. FACTS

Pourcho leased office space in Cranbrook, a professional building owned by Spencer. After Pourcho's lease expired, he continued to occupy the space and to negotiate for an extension of the lease. During this time, Pourcho attempted unsuccessfully to sell his practice to another dentist. Cranbrook filed suit against Pourcho, seeking payment of rent for the holdover period. Pourcho filed a countercomplaint against Cranbrook and a third-party complaint against Spencer, alleging tortious interference with a business expectancy and fraud.

A case-evaluation panel rendered an evaluation in favor of Cranbrook in the amount of $30,000 on its claim for holdover rent and of no cause of action on Pourcho's third-party complaint against Spencer. The panel did not address Pourcho's countercomplaint against Cranbrook. A settlement was not reached.

Before trial, the court met separately with counsel to determine if the case could be settled. Counsel for Cranbrook and Spencer revealed the case-evaluation results to the court during their meeting. Counsel for Pourcho was not advised of this development. After a jury trial commenced, counsel for Spencer and Cranbrook was observed speaking to a witness subpoenaed by Pourcho. Counsel for Pourcho suggested that the problem could be resolved by trying the case without a jury. Counsel for Cranbrook and Spencer agreed to this proposal, as did the court. The court excused the jury, and the case was tried before the court. The trial court entered judgment awarding Cranbrook $91,729.98 plus costs and fees on its claim for holdover rent and awarded Pourcho $275,000 on his third-party claim against Spencer. The court made no specific finding on Pourcho's countercomplaint against Cranbrook.

Subsequently, the trial court granted a motion filed by Cranbrook and Spencer for a new trial or amendment of judgment, vacated the judgment in its entirety, and granted a new trial. The court maintained that the parties' waiver of a jury was knowing and intelligent and that the court acted as a fair and unbiased trier of fact. Nevertheless, the court concluded that it was bound by MCR 2.403(N)(4) and recent case law to grant the motion on the ground that it had been made aware of the case-evaluation results before trial.

## II. STANDARD OF REVIEW

We review de novo a trial court's interpretation and application of a court rule. *Grzesick v Cepela*, 237 Mich App 554, 559; 603 NW2d 809 (1999).

III. ANALYSIS

MCR 2.403(N)(4) provides that the case evaluation must be placed in a sealed envelope, and that in a case tried without a jury "the parties may not reveal the amount of the evaluation until the judge has rendered judgment." In *Bennett v Medical Evaluation Specialists*, 244 Mich App 227; 624 NW2d 492 (2000), another panel of this Court addressed the issue of the proper sanction for violation of MCR 2.403(N)(4). In *Bennett*, the plaintiff submitted proposed findings of fact and conclusions of law at the conclusion of a bench trial and revealed the case-evaluation results. The defendant moved for a mistrial on the ground that the plaintiff violated MCR 2.403(N)(4). The trial court stated that it would not be influenced by the case evaluation, denied the motion, and entered a judgment in favor of the plaintiff. This Court vacated the judgment and remanded the matter for a new trial before a different judge.

The *Bennett* Court observed that MCR 2.403(N)(4) is silent with regard to an appropriate sanction and concluded that the appropriate sanction when a party violates MCR 2.403(N)(4) by prematurely revealing the case evaluation is disqualification of the trial judge and retrial before a different judge. The *Bennett* Court determined that in order to protect the integrity of the case-evaluation process and to ensure the impartiality of the court, a new trial is necessary when a party makes a deliberate effort to influence the court before it renders judgment. *Bennett, supra,* 231-233. In a footnote, the *Bennett* Court stated that it was not required to decide what would be the appropriate sanction under circumstances in which a party

determines that a trial may not end in its favor and thus deliberately reveals the case-evaluation results in order to obtain a new trial. *Id.*, 233 n 3.

We conclude that *Bennett, supra,* is distinguishable and thus does not require that the trial court's order vacating the judgment and granting a new trial be affirmed. MCR 7.215(I). *Bennett, supra,* does not hold that a new trial is required in every case in which a violation of MCR 2.403(N)(4) occurs. Rather, the appropriate sanction depends on the particular facts of the case. *Bennett, supra,* 228, 233 n 3. This case is distinguishable from *Bennett, supra,* on several grounds. In *Bennett, supra,* the case-evaluation results were revealed to the trial court after the conclusion of a bench trial. The *Bennett* Court concluded that the plaintiff's act of revealing the results was a deliberate attempt to influence the trial court's decision. *Id.*, 228-229.

The essence of the *Bennett* decision is the prohibition against revealing the results of a case evaluation to a judge in a nonjury trial until judgment has been rendered. Here, the case evaluation was revealed to the court before commencement of trial under the presumption that the case would be tried by a jury. Hence, at the time the case evaluation was revealed to the judge, there was, in fact, no violation of MCR 2.403(N)(4). Here, after the trial had commenced, counsel for Cranbrook and Spencer agreed to a suggestion made by Pourcho's counsel for a nonjury trial because of questionable contact by counsel for Cranbrook and Spencer with a witness called by Pourcho.

Only after the trial court entered an adverse judgment did Cranbrook and Spencer seek a new trial on the basis of MCR 2.403(N)(4) and *Bennett, supra.* The

trial court erred in concluding that it was required by MCR 2.403(N)(4) and *Bennett, supra,* to grant a new trial given the particular circumstances that led to the revelation of the case-evaluation results. We reverse the trial court's order granting a new trial and remand the matter for entry of judgment in accordance with the trial court's original judgment.

Reversed and remanded. We do not retain jurisdiction.