*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BILLIE STEVEN MONTGOMERY,

       Plaintiff-Appellant,

v

TAMMIE L. BAUER, Individually and as Personal Representative of the ESTATE OF BUD E. MONTGOMERY, and DANA MONTGOMERY,

       Defendants-Appellees,

and

JESSON & DYKSTRA, PLC,

       Appellee.

UNPUBLISHED
April 20, 2023

No. 360607
Ionia Circuit Court
LC No. 2019-000403-CZ

BILLIE STEVEN MONTGOMERY,

       Plaintiff,

v

TAMMIE L. BAUER, Individually and as Personal Representative of the ESTATE OF BUD E. MONTGOMERY, and DANA MONTGOMERY,

       Defendants-Appellees,

and

VAN DAM JESSON & DYKSTRA, PLC,

       Appellant.

No. 360624
Ionia Circuit Court
LC No. 2019-000403-CZ

-1-

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Plaintiff, Billie Steven Montgomery, filed a complaint seeking to recover from defendant, the Estate of Bud E. Montgomery, a Kubota tractor and accessories that he claimed to have purchased from his now-deceased brother in 2009. The trial court granted summary disposition under MCR 2.116(C)(10) in favor of the Estate and defendant Tammy L. Bauer, personal representative of the Estate (collectively, "the Estate"), on the basis of laches and denying plaintiff's request that the judge recuse himself. The trial court also granted the Estate sanctions under MCR 1.109(E)(6) and ordered plaintiff and his attorney's law firm, Jesson & Dykstra, jointly and severally liable for $118,853.75 in attorney fees and costs as sanctions.[1]

In Docket No. 360607, plaintiff appeals the February 23, 2022, order challenging the trial court's grant of summary disposition in favor of the Estate, the trial court's denial of plaintiff's motion to recuse, and the trial court's finding that plaintiff's complaint was frivolous. In Docket No. 360624, Jesson & Dykstra, PLC,[2] appeals the same order, among other things challenging the trial court's finding that plaintiff's complaint was signed in violation of MCR 1.109(E)(5), the imposition of sanctions under MCR 1.109(E) on Jesson & Dykstra, jointly and severally with plaintiff, and the reasonableness of the sanctions amount. These appeals were consolidated to advance the efficient administration of the appellate process.[3] For reasons stated herein, we (1) affirm the trial court's grant of summary disposition in favor of defendants and the court's denial of plaintiff's motion to recuse; (2) reverse the trial court's December 15, 2021, order awarding sanctions to defendants under MCR 1.109(E); (3) vacate that portion of the trial court's February 23, 2022 order awarding $105,454.75 in attorney fees and costs to the Estate and Bauer, as personal representative of the Estate, as sanctions under MCR 1.109(E); and (4) remand so the trial court can properly calculate a supplemental award of attorney fees to Bauer, individually.

## I. RELEVANT FACTS AND PROCEEDINGS

After the Estate denied plaintiff's claim for the Kubota tractor and accessories, plaintiff filed a two-count complaint in probate court asserting claims against defendants for claim and delivery and statutory conversion. Case evaluation was held in March 2021, and the case evaluation panel unanimously found plaintiff's claims to be frivolous. Plaintiff then moved the probate court to review the panel's finding under MCR 2.403(N)(2), after which the probate court concluded that plaintiff's claims against Bauer, individually, and Dana Montgomery were frivolous, but that plaintiff's claims against the Estate and Bauer as personal representative of the

---

[1] Defendant Dana Montgomery has not actively participated in the case since her dismissal by stipulation in May 2021, and Bauer was dismissed from the case in her individual capacity on August 26, 2021.

[2] At some point during the litigation, Van Dam Jesson & Dykstra became Jesson & Dykstra.

[3] *Montgomery v Estate of Bud E Montgomery*, unpublished order of the Court of Appeals, entered May 10, 2022 (Docket Nos. 360607 and 360624).

Estate were not. The probate court judge then recused himself in accordance with MCR 2.403(N)(2)(d), and the case was reassigned to Ionia Circuit Court Judge Ronald Schafer. Subsequently, the Estate moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's claims were barred by laches. In addition, the Estate asked for an award of costs and reasonable attorney fees as sanctions under MCR 1.109(E)(6). The trial court granted the Estate's motion on the basis of laches and established a timeline for the parties to brief whether sanctions were warranted and, if so, in what amount.

After briefing and oral argument, the trial court granted the Estate's request for sanctions. The trial court reasoned that had plaintiff's attorney conducted a reasonable inquiry regarding the facts underlying plaintiff's claim, he would have realized that plaintiff's claim was not about recovering a tractor but about the repayment of a loan documented in the guise of Bud's sale of the tractor to plaintiff. After briefing and oral argument, the trial court issued an order awarding the Estate of Bud E. Montgomery, and Bauer, individually and as personal representative, $105,454.75 in attorney fees and costs as sanctions against plaintiff and Jesson & Dykstra, jointly and severally. The order also awarded Bauer, individually, $13,399 as a supplemental award of attorney fees as sanctions under MCR 1.109(E)(7) and MCL 600.2591. These appeals followed.

## II. JURISDICTIONAL CHALLENGE

Defendants argue that under MCR 7.203(A)(1), this Court's jurisdiction is limited to plaintiff's challenge to the award of attorney fees and costs and that this Court is without jurisdiction to consider plaintiff's challenges to the November 18, 2021, order in which the trial court granted summary disposition in favor of defendants and denied plaintiff's oral motion to recuse Judge Schafer.

This Court has jurisdiction over appeals by right from final orders defined in MCR 7.202(6). Usually, "[w]here a party has claimed an appeal from a final order, the party is free to raise on appeal issues related to other orders in the case." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992). In some appeals, however, the scope of jurisdiction is limited to certain types of issues. For instance, when an appeal is taken from a "postjudgment order awarding or denying attorney fees and costs under court rule[s] [MCR 2.403, 2.405, 2.625] or other law," MCR 7.202(6)(a)(*iv*), this Court's jurisdiction "is limited to the portion of the order with respect to which there is an appeal of right," MCR 7.203(A)(1). Because an appeal from a postjudgment order awarding attorney fees is limited to the portion of the order for which there is an appeal of right, this Court is without jurisdiction over "any issue outside those challenging the award of attorney fees." *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 143; 946 NW2d 812 (2019).

The February 23, 2022, order does not fall under MCR 7.202(6)(a)(iv) because it is a final order, not a postjudgment order. Defendants sought sanctions as part of their motion for summary disposition. As part of the November 2021 order granting summary disposition, the trial court provided a timeline for additional briefing on whether sanctions were warranted under MCR 1.109(E)(6) and, if so, how much. Although the November 2021 order resolved the summary disposition issue, it did not resolve defendants' argument that plaintiff was liable for sanctions. With respect to the December 15, 2021, order that awarded sanctions under MCR 1.109(E)(6) in favor of defendants, the order did not determine the amount of attorney fees and costs awardable

as sanctions, so it was not a final order under MCR 7.202(6)(a)(iv). *In re Hemminger Estate*, 463 Mich 941; 620 NW2d 852 (2000); *John J Fannon Co v Fannon Prod, LLC*, 269 Mich App 162, 165-167; 712 NW2d 731 (2005).

The February 23, 2022, order was the first order that constituted a final order. Accordingly, with respect to the Estate, the order appealed is not a "postjudgment order" awarding attorney fees for purposes of MCR 7.202(6)(a)(*iv*), and, therefore, this Court's jurisdiction is not limited by MCR 7.203(A)(1).

## III. DOCKET NO. 360607

Turning to the merits, plaintiff argues that the trial court erred by granting summary disposition in favor of the Estate on the basis of laches because genuine issues of material existed and because laches is inapplicable to plaintiff's claim of statutory conversion.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Auto Club Group Ins Co v Burchell,* 249 Mich App 468, 479; 642 NW2d 406 (2002). Generally, a trial court's equitable decisions are reviewed de novo, but the findings of fact supporting an equitable decision are reviewed for clear error. *Knight v Northpointe Bank*, 300 Mich App 109, 113; 832 NW2d 439 (2013); *Yankee Springs Twp v Fox*, 264 Mich App 604, 611; 692 NW2d 728 (2004). A decision is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. *Wayne Co v Wayne Co Retirement Comm*, 267 Mich App 230, 252; 704 NW2d 117 (2005).

"Laches is an affirmative defense based primarily on circumstances that render it inequitable to grant relief to a dilatory plaintiff." *Attorney General v Powerpick Player's Club of Mich, LLC*, 287 Mich App 13, 51; 783 NW2d 515 (2010). Laches applies when there has been an unexcused or unexplained delay in starting an action and a corresponding change of material condition that results in prejudice. *Knight*, 300 Mich App at 114; *Fraser v Almeda Univ*, 314 Mich App 79, 102; 886 NW2d 730 (2016). The party asserting laches bears the burden of proving a lack of due diligence on the part of the party against whom the defense is asserted, as well as resultant prejudice. *Attorney General*, 287 Mich App at 51; *Yankee Springs*, 264 Mich App at 612. When laches appears, the court leaves the parties where it finds them. *Knight*, 300 Mich App at 114 (citation omitted). An action at law may be subject to the equitable defense of laches. See *Fraser*, 314 Mich App at 102 (indicating that "courts may apply the doctrine of laches to bar actions at law"), citing *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 426, 457; 761 NW2d 846 (2008) (stating that "laches may bar a legal claim even if the statutory period of limitations has not yet expired").

The trial court did not err by concluding that the doctrine of laches barred plaintiff's claim. It is undisputed that plaintiff delayed asserting his right to the equipment or whatever balance was owed on a loan until after Bud died, nearly a decade after the transaction giving rise to plaintiff's claim. Plaintiff testified that Bud purchased the equipment in 2007 and sold it to plaintiff in September 2009 because Bud needed the cash. As part of the 2009 transaction, plaintiff paid Bud $12,000 in cash and took out a $4,473.77 loan from Michigan One Community Credit Union to pay off Bud's loan with Kubota Credit Corporation. Plaintiff told Chris in 2018 that Bud had "something" that belonged to him and that "if anything happen[ed] to Bud," plaintiff was "coming

after it." Plaintiff testified that he told two other people the same thing, one of them shortly before Bud's death. By his own admission, plaintiff intentionally delayed in asserting his right to either the tractor or the value of the loan until Bud died. It is a "familiar principle" that "one who waits until the death of a witness has prevented denial of his claim or disclosure of the truth is guilty of laches . . . ." *Evans v Linck*, 280 Mich 278, 279; 273 NW2d 568 (1937).

Plaintiff correctly points out that laches is not triggered by the passage of time alone. Rather, "[i]t is the prejudice occasioned by the delay that justifies the application of laches." *Knight*, 300 Mich App at 115. Here, plaintiff's waiting until Bud died to claim ownership of equipment or the balance of a loan significantly prejudiced the Estate's ability to defend itself against plaintiff's lawsuit. It is clear from the record that the only two people who knew the nature and terms of the 2009 agreement, including whether the transaction was a bona fide sale or a loan in the guise of a sale, or, if it was a loan, how much of the loan Bud repaid, if any, were plaintiff and Bud. There is no record evidence of the amount of cash plaintiff gave Bud for the tractor or how much plaintiff believed that Bud owed at the time of his death. The effect of plaintiff's intentional delay in asserting his claim to the equipment or the balance of the loan significantly prejudiced the Estate's ability to defend against plaintiff's claim because Bud's testimony was necessary to provide a complete picture of the transaction and what, if anything, the Estate owed plaintiff. On this record, the trial court did not err by applying the doctrine of laches to bar plaintiff's claim. See *Campau v Van Dyke*, 15 Mich 371, 380-381 (1867) (holding that laches barred the claims because the deceased witnesses "must have been more intimately acquainted with all the material facts than any witnesses who can now be produced" and, as a result, the court had "no satisfactory assurance that a very different state of facts might not have appeared").

Plaintiff's contention that the trial court erred by relying on statements in Terry Madison's affidavit as grounds for applying the doctrine of laches is unavailing. The trial court did not rest its finding of intentional delay on Madison's affidavit but on plaintiff's own deposition testimony. In the trial court's words, the court found laches applicable "regardless of whether there [were] questions of fact as to these various statements and who did what, who said what, etcetera." Additionally, although there were some documents related to the transaction, they did not complete the picture, and only evidence from plaintiff and Bud could do so.

Because plaintiff intentionally waited until after Bud died to assert his right to the equipment or to repayment of the money he gave Bud in 2009, and this delay significantly prejudiced the Estate's ability to defend against plaintiff's claim, the trial court did not err by granting summary disposition on plaintiff's claim and delivery and statutory conversion claims in favor of defendants on the basis of laches. See *Tenneco*, 281 Mich App at 457.

## IV. DOCKET NO. 360624

We now turn to appellant-law firm's argument that the trial court abused its discretion by awarding the Estate sanctions under MCR 1.109(E).

This Court reviews a trial court's ruling on a request for sanctions under MCR 1.109(E) for an abuse of discretion. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014) (interpreting former MCR 2.114). "An abuse of discretion occurs if the trial court's decision falls outside the range of principled outcomes." *Macomb Co Dep't of Human Servs v Anderson*, 304

Mich App 750, 754; 849 NW2d 408 (2014). "[T]he court's underlying factual findings, including a finding of frivolousness, are reviewed for clear error." *Sprenger*, 307 Mich App at 423. "A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 707; 950 NW2d 502 (2019) (quotation marks and citation omitted). An error of law necessarily constitutes an abuse of discretion. *Hein v Hein*, 337 Mich App 109, 116; 972 NW2d 337 (2021) (citation omitted).

MCR 1.109 addresses the signature requirements for documents filed in Michigan courts. MCR 1.109(E)(5) generally provides that the signature of a person on a document submitted to a trial court certifies that the person who signed the document: (1) conducted a reasonable inquiry, (2) that the document is grounded in fact and supported by existing law, and (3) that the document is not interposed for an improper purpose. If a document is signed in violation of MCR 1.109(E)(5),

> the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. [MCR 1.109(E)(6).]

MCR 1.109(E) obligates an attorney to conduct an objectively reasonable inquiry into the factual and legal validity of a pleading before it is signed. *New Covert Generating Co, LLC v Twp of Covert*, 334 Mich App 24, 91; 964 NW2d 378 (2020) (quotation marks and citations omitted). A court must determine whether a claim was frivolous "on the basis of the circumstances at the time it was asserted." *Id*. (quotation marks and citation omitted). "A claim is devoid of arguable legal merit if it is not sufficiently grounded in law or fact, such as when it violates basic, longstanding, and unmistakably evident precedent." *Id*. (quotation marks and citation omitted). Facts that could reasonably be believed to be true when alleged but which are later discovered to be untrue do not invalidate a prior reasonable inquiry. See *Lockhart v Lockhart,* 149 Mich App 10, 14-15; 385 NW2d 709 (1986).

Our review of the record convinces us that the trial court abused its discretion by basing its determination whether plaintiff's complaint violated MCR 1.109(E) on other than "the circumstances at the time it was asserted." *New Covert Generating Co*, 334 Mich App at 91 (quotation marks and citation omitted). The trial court stated that it could not point to anything plaintiff's attorney, Patrick Dykstra, did that might be viewed as a reasonable inquiry, and that he simply took plaintiff at his word. However, the record suggests that Dykstra did not simply take plaintiff at his word but that he obtained reliable documents from plaintiff that supported plaintiff's claim that he owned the disputed equipment.

The complaint alleged that plaintiff purchased a 2007 Kubota tractor, loader, and other accessories from Bud in 2009. Plaintiff made a large cash payment and secured a loan from Michigan One Community Credit Union for a portion of the sale. Although there was no documentation identifying how much plaintiff paid for the tractor, attached in support of plaintiff's allegations were: (1) a bill of sale signed by Bud and stating that he sold a Kubota tractor (L3940) and loader (L724) to plaintiff "as is" for cash and that plaintiff paid in full; (2) a document from

Michigan One Community Credit Union showing that plaintiff offered the same tractor and loader as security for a $4,473.77 loan that had been used to pay Kubota Credit Company, and (3) a Uniform Commercial Code (UCC) financing statement listing Michigan One Community Credit Union as the secured party, the same tractor and loader as collateral, and plaintiff as the debtor. Also attached to the complaint was a handwritten, notarized statement from Bud's son, Chris, acknowledging that plaintiff owned the tractor and loader.

The Estate did not question the authenticity of the bill of sale or the credit union and UCC documents, and its initial research supported plaintiff's claim. When the Estate's attorney called the credit union to determine what its file said, the credit union advocated for plaintiff. The Estate's investigation of the credit union document does not appear to have resulted in evidence that the Estate could use in its favor.

The Estate and Bauer's joint brief in support of their respective requests for sanctions did not address the circumstances known–or that could have been known–to Dykstra at the time he signed the complaint. Rather, the brief and its attached documents focused primarily on what had been learned during discovery and on information from the ongoing probate case. The documents that the Estate attached to its brief in support of sanctions showed how the case unfolded and included notice of the case evaluation, the probate court's order affirming the case-evaluation panel's determination that plaintiff's claims were frivolous as to Bauer, individually, and to Dana Montgomery; Bauer's Case Evaluation Summary; excerpts from plaintiff's deposition, and the Estate's Case Evaluation Summary. Following the Estate and Bauer's lead, the trial court based its determination on how the case unfolded rather than on circumstances at the time plaintiff's claim was asserted.

Specifically, the trial court found that this case was actually about a loan and that this was reason enough to conclude that Dykstra had not conducted a reasonable inquiry and that the complaint was not well grounded in fact and law. However, there was no evidence that Dykstra was involved in or aware of the complications and antagonisms associated with settling the Estate, and defendants have presented no evidence indicating that Dykstra had reason to believe at the time the complaint was filed that plaintiff was being duplicitous. In addition, whether plaintiff's claim was valid could not easily be predetermined because of the confusion regarding Bud's assets. The tractor had been left off the Estate's inventory because it was unclear whether the tractor went through the estate or the trust, whatever estate planning documents Bud had kept in his safe were missing, and the Estate's lawyers had only recently learned of a trust document that had been filed with a bank and which they hoped would answer a number of questions about assets.

We conclude that the trial court abused its discretion by not determining whether Dykstra signed and filed plaintiff's complaint in violation of MCR 1.109(E)(5) on the basis of the circumstances at the time the complaint was filed. See *New Covert Generating Co*, 334 Mich App at 91. Further, in light of the circumstances at the time that the complaint was filed, it could reasonably be believed that plaintiff owned the tractor. See *Lockhart*, 149 Mich App at 14-15. Accordingly, the trial court abused its discretion by granting sanctions under MCR 1.109(E)(6) on the basis that Dykstra's signature on the complaint violated MCR 1.109(E)(5).

Given the foregoing, we reverse the trial court's December 15, 2021, order, which concluded that the Estate was entitled to sanctions under MCR 1.109(E)(6), and vacate that portion

of the February 23, 2022, order awarding $105,454.75 in attorney fees and costs to the Estate and Bauer, as personal representative of the Estate, as sanctions against plaintiff and appellant-law firm jointly and severally.

Our disposition of this issue leaves $13,399 in attorney fees as a supplemental sanction awarded to Bauer in her individual capacity. The Estate's attorney arrived at that figure by dividing in half the $26,798 in fees for legal services that the attorney's firm provided to Bauer as personal representative of the Estate from June 27, 2019, until September of 2020. However, according to the Estate's attorney, the supplemental award was for attorney fees incurred from the time plaintiff filed his complaint in 2019 until outside counsel assumed Bauer's individual defense. Accordingly, attorney fees for services provided to Bauer in her individual capacity should not be computed on the basis of fees incurred before plaintiff filed his complaint on September 3, 2019. Therefore, we remand the matter to the trial court for the court to compute the award on the basis of attorney fees and costs incurred after plaintiff filed his complaint on September 3, 2019.

V. COMMON ISSUES

A. DISQUALIFICATION

Both appellants raise the issue of disqualification. Plaintiff contends that the trial judge erred by denying his motion to recuse himself on the basis that the Estate submitted "case evaluation information" and an MRE 408 compromise letter with its summary disposition materials because these materials poisoned the judge's view of the case. Similarly, appellant-law firm asserts that the trial judge erred by not recusing himself after the Estate attached a copy of the mediation award to its brief in support of sanctions and informed the trial judge in their brief that a fourth, prospective evaluator would have "no-caused" plaintiff.

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *TT v KL*, 334 Mich App 413, 431; 965 NW2d 101 (2020). The procedure for seeking disqualification of a judge, and the grounds upon which disqualification may be warranted, is governed by MCR 2.003. "[A]ll motions for disqualification must be filed within 14 days of the discovery of the grounds for disqualification." MCR 2.003(D)(1)(a). "[U]ntimeliness is a factor in deciding whether the motion should be granted," but untimely motions may be granted for good cause shown. MCR 2.003(D)(1)(d). This Court presumes that a judge is unbiased, and the party moving to recuse has the heavy burden of overcoming that presumption. *Id*.; *Cain v Mich Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996).

Turning first to the argument in Docket No. 360607, plaintiff contends that Judge Schafer should have recused himself from considering the summary disposition motion because the Estate submitted as an exhibit in support of summary disposition an August 11, 2020 compromise letter, in which plaintiff offered to settle his claim against defendants for just over $57,500. Under MRE 408, evidence of an offer to accept a valuable consideration in compromise of a claim is inadmissible to prove liability for or invalidity of a claim or its amount.

Apart from reciting this litany of errors committed by the trial court, plaintiff makes no actual attempt to show how the letter affected–or could have affected–the trial court's summary disposition ruling. An appellant may not merely announce his position and leave it to this Court

to discover and rationalize the basis for his claim, nor may appellants give issues cursory treatment with little or no citations of supporting authority. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012). As to the "case evaluation information," plaintiff neither identifies nor presents any argument with respect to the effect the transcript of the MCR 2.403(N) hearing and the Estate's quotations of the probate court's opinion of the case and of plaintiff had on the trial court's ruling. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

Turning to the argument raised in Docket No. 360624, appellant-law firm argues that Judge Schafer should have recused himself when the Estate attached the Notice of Case Evaluation to its brief in support of sanctions and informed the judge in its brief that a fourth prospective evaluator would have "no-caused" the plaintiff.[4] Although MCR 2.403(N)(2)(d) prohibits a judge who hears a motion to review a case evaluation panel's finding of frivolousness from presiding at a nonjury trial of the action, appellant-law firm cites no authority requiring Judge Schafer to recuse himself under the circumstances presented here. The caselaw that appellant-law firm relies on in support of its position is inapt. *O'Neill v Home IV Care, Inc*, 249 Mich App 606; 643 NW2d 600 (2002), and *Bennett v Med Evaluation Specialists*, 244 Mich App 227; 624 NW2d 492 (2001), involved instances in which the results of mediation factored into the trial court's decision to award damages, *Bennett*, 244 Mich App at 229-232, or attorney fees and costs under the Whistleblowers' Protection Act, *O'Neill*, 249 Mich App at 612-615. To the extent that appellant-law firm implies that Judge Schafer's knowledge of the case evaluator's view of plaintiff's claim would have affected his judgment regarding whether sanctions were warranted under MCR 1.109(E), we also note that Judge Schafer had knowledge that the probate judge disagreed with the case evaluation panel and concluded that plaintiff's claim against the Estate was not frivolous.

For the foregoing reasons, we conclude that plaintiff has not met his burden to establish that Judge Schafer erred by declining to recuse himself from this matter.

## B. FRIVOLOUSNESS

Plaintiff argues in Docket No. 360607, and appellant-law firm argues in Docket No. 360624, that the trial court abused its discretion by finding that plaintiff's complaint was frivolous when the probate court had concluded that it was not. Appellants contend that the trial court was bound by the probate court's ruling that plaintiff's claims against the Estate were not frivolous.

In addition to sanctions under MCR 1.109(E)(6) for a violation of MCR 1.109(E)(5), MCR 1.109(E)(7) allows for further sanctions, providing in relevant part that "a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)." Under

---

[4] Appellant-law firm also argued that Judge Schafer should have recused himself after receiving the MRE 408 compromise letter and "case evaluation information." We reject this argument for the reasons already stated.

MCR 2.625(A)(2), "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591."

This argument has no foundation, for the Estate moved for sanctions under MCR 1.109(E)(5) and (6) only, expressly stating at oral argument on its motion for summary disposition that it was not requesting sanctions under MCR 1.109(E)(7) or MCL 600.2591. The Estate's attorney explained that he had not asked the trial court to reconsider the probate court's ruling, nor should the trial court reconsider it, and that plaintiff's claim did not have to be frivolous for the Estate to be awarded sanctions under MCR 1.109(E)(6). Nor did the trial court grant sanctions under MCR 1.109(E)(7) or the statute. Although in its comments from the bench the trial court stated that it "also looked at the statute that was requested under, MCL 600.2591" and determined that plaintiff's claim against the Estate met each of the definitions of frivolous found in MCL 600.2591, the court returned to its analysis under MCR 1.109(E)(5), finding that plaintiff and his attorney signed documents in violation of MCR 1.109(E)(5) and observing that the court was required by MCR 1.109(E)(6) to impose sanctions.

Despite the court's sua sponte analysis of plaintiff's complaint under MCL 600.2591, the court's observations from the bench clearly indicate that sanctions were imposed under MCR 1.109(E)(6) for a document signed in violation of MCR 1.109(E)(5). Moreover, regardless of the court's sua sponte comments about MCL 600.2591 from the bench, a court speaks through its orders, *Luscombe v Shedd's Food Prod Corp*, 212 Mich App 537, 540; 539 NW2d 210 (1995), and the court's order stated that it granted "the Motion for Sanctions filed on behalf of the Estate and Ms. Bauer." As indicated, the Estate did not request sanctions on the basis of frivolousness, and Bauer, individually, simply sought additional attorney fees and costs on the basis of the trial court's earlier finding of frivolousness. Further, nowhere in the court's December 15, 2021, order is there any mention of MCL 600.2591, nor is MCL 600.2591 mentioned in the trial court's order of February 23, 2022. Because the trial court did not award attorney fees and costs to the Estate on the basis of a finding of frivolousness, plaintiff's and appellant-law firm's assertions of error are without merit.

## VI. CONCLUSION

To summarize, we conclude that the trial court did not err by granting summary disposition of plaintiff's complaint in favor of the Estate, nor did the trial court abuse its discretion by declining to recuse itself. However, the trial court abused its discretion by awarding the Estate sanctions under MCR 1.109(E)(6). Although we affirm the trial court's award of supplemental sanctions to Bauer in her individual capacity, we remand for the trial court to recompute the award on the basis of attorney fees and costs incurred after plaintiff filed his complaint on September 3, 2019.

Affirmed in part, reversed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica